# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date     **January 7, 2008**

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

**FILED**

JAN - 7 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Case Number          **04 B 32169**

Case Name            **Basem E Habash**

Notice of Appeal Filed     **November 27, 2008**

Appellant

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal.  The Record on Appeal consist of:

| | | | |
|---|---|---|---|
| ☐ | | Supplemental to the Record | |
| ✓ | Transmittal Letter and Civil Cover Sheet | ✓ | Notice of Appeal |
| ✓ | Designation | ✓ | Copy of Documents Designated |
| ✓ | Statement of Issues | ☐ | Exhibits |
| ✓ | Transcript of Proceeding | ☐ | Expedited Notice of Appeal |
| | | ✓ | Certified Copy of Docket Sheet |

Additional Items Included

☐ _____

**08CV0120
JUDGE HIBBLER
MAG.JUDGE COX**

| 1 | Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

☐ _____

Previous D C Judge _____     Case Number _____

By Deputy Clerk _____     Carel Dell Weston

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. __04 B 32169__ |
| | ) | Chapter: 7 |
| BASEM E. HABASH | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 219 |
| ---------------------------------------- | )------- | ------------------------------------------- |
| NAJIB ZEDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |
| ---------------------------------------- | ) | |

08CV0120
JUDGE HIBBLER
MAG.JUDGE COX

**FILED**

JAN - 7 2008  *rg*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF APPEAL
### TO THE DISTRICT COURT

PLEASE TAKE NOTICE, that Maurice Salem, attorney for the plaintiff-creditor

Najib Zedan, appeals under 28 U.S.C. § 158(d) to the district court from the two orders,

annexed hereto, of the Bankruptcy Judge Bruce W. Black, granting Debtor a Discharge in

the above referenced case, on the 21st day of November, 2007, and granting defendants'

motion to dismiss plaintiff's adversary complaint on the 7th day of July, 2006.

The names of all parties to the order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: November 27, 2007

S/  Maurice J. Salem
Attorney for Creditor/Plaintiff
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel.(708) 277-4775
Fax (708) 448-4515

**CLOSED, APPEAL**

# U.S. Bankruptcy Court
# Northern District of Illinois (Chicago)
# Bankruptcy Petition #: 04-32169

*Assigned to:* Honorable Judge Bruce W. Black

Chapter 7

Voluntary

Asset

*Date Filed:*
08/30/2004
*Date Terminated:*
11/26/2007
*Date Discharged:*
11/22/2007

| | |
|---|---|
| *Debtor*<br>**Basem E Habash**<br>7407 West Arran Drive<br>Frankfort, IL 60423<br>SSN: xxx-xx-4594 | represented by **Bruce L Wald**<br>Tishler & Wald Ltd<br>200 S Wacker Dr<br>Suite 3000<br>Chicago, IL 60606<br>312 876-3800<br>Fax : 312 876-3816<br>Email:<br>bwald@tishlerandwald.com<br><br>**Jeffrey B Rose**<br>Tishler & Wald Ltd<br>200 S Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>312 876-3800<br>Fax : 312 876-3816<br>Email:<br>jrose@tishlerandwald.com |

***Trustee***
**Thomas B Sullivan**
**Grochocinski,**
**Grochocinski & Lloyd Ltd.**
**1900 Ravinia Place**
**Orland Park, IL 60462**
**708-226-2700**
***TERMINATED: 10/21/2004***

***Trustee***                    represented **Morgan & Bley Ltd**
**Deborah Kanner Ebner**    by
**11 E Adams St**                    **Keevan D. Morgan**
**Suite 800**                          **Morgan & Bley, Ltd.**
**Chicago, IL 60603**            **900 W. Jackson Blvd.**
**(312) 9223838 Ext. 2**        **Chicago, IL 60607**
                                          **312 243-0006 Ext. 29**
                                          **Fax : 312 243-0009**
                                          **Email: slh158@yahoo.com**

                                          **Konstantine T. Sparagis**
                                          **Law Offices of Konstantine**
                                          **Sparagis P C**
                                          **8 S Michigan Ave 27th Fl**
                                          **Chicago, IL 60603**
                                          **877-445-1001**
                                          **Email:**
                                          **gsparagi@yahoo.com**

***U.S. Trustee***
**William T Neary**
**Office of the U.S. Trustee,**
**Region 11**
**227 W. Monroe Street**
**Suite 3350**
**Chicago, IL 60606**

312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 08/30/2004 | ⊙1 | Chapter 7 Voluntary Petition Filed by Bruce L Wald on behalf of Basem E Habash (Keith, Cynthia) Modified on 8/30/2004 (Keith, Cynthia). Additional attachment(s) added on 8/31/2004 (Brennan, Kelly). (Entered: 08/30/2004) |
| 08/30/2004 | ⊙2 | First Meeting of Creditors with 341(a) meeting to be held on 10/20/2004 at 01:30 PM at EMCO Plaza Building, 57 West Jefferson Street, Room 209, Joliet, Illinois 60432. Objections for Discharge due by 12/20/2004. (Keith, Cynthia) (Entered: 08/30/2004) |
| 08/30/2004 | 3 | Receipt of Chapter 7 Filing Fee - $209.00 by CK. Receipt Number 03098528. Payment received from Wald. (Entered: 08/31/2004) |
| 08/31/2004 | ⊙4 | Request for Chapter 7 341 Meeting of Creditors (Robinson, Terri) (Entered: 08/31/2004) |
| 08/31/2004 | ⊙5 | BNC Certificate of Mailing - Meeting of Creditors. No. of Notices: 16. Service Date 09/02/2004. (Related Doc # 4) (Admin.) (Entered: 09/03/2004) |
| 08/30/2004 | ⊙6 | Statement of Social Security Number(s) Filed by Bruce L Wald on behalf of Basem E |

| | | Habash . (Brennan, Kelly) (Entered: 10/04/2004) |
|---|---|---|
| 10/21/2004 | 7 | Receipt of Amended Schedule Fee - $26.00 by SD. Receipt Number 03107446. Payment received from Wald. (Entered: 10/22/2004) |
| 10/21/2004 | 8 | Letter of Resignation and Appointment. Thomas B Sullivan resigned from the case and Trustee Deborah Ebner appointed to the case. Filed by U.S. Trustee Ira Bodenstein . (Cabrales, Claudia) (Entered: 10/22/2004) |
| 10/22/2004 | 9 | Request Renotice 341 Meeting . 341(a) meeting to be held on 12/2/2004 at 01:30 PM at EMCO Plaza Building, 57 West Jefferson Street, Room 209, Joliet, Illinois 60432. (Cabrales, Claudia) (Entered: 10/22/2004) |
| 10/21/2004 | 10 | Amended Schedule(s) B,F and H Fee Amount $26 Filed by Jeffrey B Rose on behalf of Basem E Habash . (Jerdine, Maurice) (Entered: 10/22/2004) |
| 10/21/2004 | 11 | Notice of Filing Filed by Jeffrey B Rose on behalf of Basem E Habash (RE: 10 Amended Schedules (Fee)). (Jerdine, Maurice) (Entered: 10/22/2004) |
| 10/22/2004 | 12 | BNC Certificate of Mailing - Renotice Meeting of Creditors (RE: 9 Request Renotice 341 Meeting). No. of Notices: 18. Service Date 10/24/2004. (Admin.) (Entered: |

| | | |
|---|---|---|
| | | 10/25/2004) |
| 10/22/2004 | ⊙<u>13</u> | Notice of Motion and Motion to Dismiss Case Filed by Roderick F Mollison on behalf of Najib Zedan . Hearing scheduled for 11/5/2004 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 209, Joliet, Illinois 60432. (Jerdine, Maurice) (Entered: 10/25/2004) |
| 10/22/2004 | ⊙14 | Appearance Filed by Sana'a M. Hussien on behalf of Basem E Habash . (Jerdine, Maurice) (Entered: 10/25/2004) |
| 11/02/2004 | ⊙15 | Request for Service of Notices., MBNA America (Delaware), N.A. c/o Becket and Lee, LLP Becket and Lee LLP, Attorneys/Agent P.O. Box 3001 Malvern, PA 19355-0701. (Weisman, Gilbert) (Entered: 11/02/2004) |
| 11/03/2004 | ⊙<u>16</u> | Reaffirmation Agreement with LaSalle Bank N.A Filed by Bruce L Wald on behalf of Basem E Habash . (Jerdine, Maurice) (Entered: 11/04/2004) |
| 11/03/2004 | ⊙<u>17</u> | Declaration Filed by Jeffrey B Rose on behalf of Basem E Habash (RE: <u>16</u> Reaffirmation Agreement). (Jerdine, Maurice) (Entered: 11/04/2004) |
| 11/05/2004 | ⊙<u>18</u> | Order Withdrawing Motion to Dismiss Case (Related Doc # <u>13</u>). Signed on 11/5/2004. (Jerdine, Maurice) (Entered: 11/10/2004) |
| | | |

| 11/15/2004 | ⊙19 | **Reaffirmation Agreement with GreatBank-Algonquin Filed by Bruce L Wald on behalf of Basem E Habash . (Gomez, Denise) (Entered: 11/17/2004)** |
|---|---|---|
| 11/23/2004 | ⊙20 | **Notice of Motion and Motion to Extend Time to File Objection to Discharge Under 523/727 Filed by Roderick F Mollison on behalf of Najib Zedan . Hearing scheduled for 12/3/2004 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 209, Joliet, Illinois 60432. (Jerdine, Maurice) (Entered: 11/24/2004)** |
| 12/01/2004 | ⊙21 | **Reaffirmation Agreement with First United Bank Filed by Bruce L Wald on behalf of Basem E Habash . (Jerdine, Maurice) (Entered: 12/02/2004)** |
| 12/02/2004 | ⊙22 | **Continuance of Meeting of Creditors on 1/18/2005 at 1:00 PM at EMCO Plaza Building, 57 West Jefferson Street, Room 209, Joliet, Illinois 60432 (Ebner, Deborah) (Entered: 12/02/2004)** |
| 12/03/2004 | ⊙23 | **Order Granting Motion Extending Time to File Objection to Discharge Under 523/727. (Related Doc # 20). Last day to oppose discharge or dischargeability is 2/4/2005 Signed on 12/3/2004. (Jerdine, Maurice) (Entered: 12/10/2004)** |
| 12/15/2004 | ⊙24 | **Notice of Motion and Motion to Extend Time to File Objection to Discharge Under 727 Filed by Deborah Ebner Hearing scheduled** |

| | | |
|---|---|---|
| | | for 1/7/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Attachments: # 1 Proposed Order) (Ebner, Deborah) Modified on 12/16/2004 to correct hearing date(Sims, Mildred). (Entered: 12/15/2004) |
| 12/16/2004 | ◎25 | CORRECTIVE ENTRY Hearing Rescheduled (RE: <u>24</u> Motion to Extend Time to Object to Discharge 727, ). Hearing scheduled for 1/14/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Sims, Mildred) (Entered: 12/16/2004) |
| 01/14/2005 | ◎<u>26</u> | Order Granting Motion Extending Time to File Objection to Discharge Under 727. (Related Doc # <u>24</u>). Last day to oppose discharge or dischargeability is 6/30/2005 Signed on 1/14/2005. (Jerdine, Maurice) (Entered: 01/20/2005) |
| 04/01/2005 | ◎<u>27</u> | Individual Estate Property Record and Report Asset Cases Filed by Trustee Deborah Ebner . (Green, Charlie) (Entered: 04/04/2005) |
| 04/22/2005 | ◎<u>28</u> | Notice of Motion and Application to Employ Keevan D Morgan, Konstantine T. Sparagis and the Law firm of Morgan & Bley, Ltd as Counsel Filed by Keevan D Morgan on behalf of Deborah Ebner . Hearing scheduled for 4/29/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. |

| | | |
|---|---|---|
| | | **(Attachments: # 1 Proposed Order) (Jerdine, Maurice) (Entered: 04/25/2005)** |
| 04/29/2005 | ○29 | **Order Granting Application to Employ Keevan D Morgan for Deborah Ebner, Konstantinos Sparagis for Deborah Ebner, Morgan & Bley Ltd for Deborah Ebner (Related Doc # 28). Signed on 4/29/2005. (Jerdine, Maurice) (Entered: 05/03/2005)** |
| 06/14/2005 | ○30 | **Notice of Motion and Motion Rule 2004 Examination of Entities and the Debtors Filed by Konstantinos Sparagis on behalf of Deborah Ebner . Hearing scheduled for 6/24/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Attachments: # 1 Proposed Order) (Jerdine, Maurice) (Entered: 06/15/2005)** |
| 06/14/2005 | ○31 | **Notice of Motion and Motion to Extend Time to File Objection to Discharge Under 727 Filed by Konstantinos Sparagis on behalf of Deborah Ebner . Hearing scheduled for 6/24/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Attachments: # 1 Proposed Order) (Jerdine, Maurice) (Entered: 06/15/2005)** |
| 06/24/2005 | ○32 | **Order Granting Motion for Rule 2004 (Related Doc # 30). Signed on 6/24/2005. (Williams, Marie) (Entered: 07/05/2005)** |
| 06/24/2005 | ○33 | **Order Extending Time to Object to** |

| | | |
|---|---|---|
| | | Discharge Under 727. (RE: <u>31</u> Motion to Extend Time to Object to Discharge 727, ). Last day to oppose discharge or dischargeability is 9/29/2005 Signed on 6/24/2005 (Williams, Marie) (Entered: 07/05/2005) |
| 11/23/2005 | o<u>34</u> | Notice of Motion and Motion to Approve Order Authorizing Trustee to Sell Assets Outside of Ordinary Course of Business; Establishing Sale Procedures; Setting Hearing Date on Sale; and Approving Form of Notice Filed by Konstantinos Sparagis on behalf of Deborah Ebner. Hearing scheduled for 12/16/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit # <u>3</u> Proposed Order # 4 Exhibit) (Sparagis, Konstantinos) (Entered: 11/23/2005) |
| 11/23/2005 | o<u>35</u> | Notice of Motion Filed by Konstantinos Sparagis on behalf of Deborah Ebner (RE: <u>34</u> Motion to Approve,, ). (Sparagis, Konstantinos) Modified on 11/29/2005 to add hearing date, time and location (Sims, Mildred). (Entered: 11/23/2005) |
| 11/23/2005 | o<u>36</u> | Notice of Motion Filed by Konstantinos Sparagis on behalf of Deborah Ebner (RE: <u>34</u> Motion to Approve,, ). (Sparagis, Konstantinos) Modified on 11/29/2005 to add hearing date, time and location (Sims, Mildred). (Entered: 11/23/2005) |
| | | |

| 11/23/2005 | ⊙37 | Service List Filed by Konstantinos Sparagis on behalf of Deborah Ebner (RE: 36 Notice of Motion). (Sparagis, Konstantinos) (Entered: 11/23/2005) |
|---|---|---|
| 11/29/2005 | ⊙38 | CORRECTIVE ENTRY Hearing Rescheduled (RE: 34 Motion to Approve, , ). Hearing scheduled for 12/16/2005 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Sims, Mildred) (Entered: 11/29/2005) |
| 12/06/2005 | ⊙39 | Amended Schedules : Schedule C. Filed by Jeffrey B. Rose on behalf of Basem E Habash. (Rose, Jeffrey) (Entered: 12/06/2005) |
| 12/06/2005 | ⊙40 | Notice of Filing Filed by Jeffrey B. Rose on behalf of Basem E Habash (RE: 39 Amended Schedules (No Fee)). (Rose, Jeffrey) (Entered: 12/06/2005) |
| 12/16/2005 | ⊙41 | Order Granting in Part, Continuing Motion to Approve (Related Doc # 34). Signed on 12/16/2005. (Jerdine, Maurice) (Entered: 12/22/2005) |
| 01/04/2006 | ⊙42 | Notice and Certificate of Service Service of Notice of Sale and Opportunity to Bid, Bidding Procedures, and Letter Agreement previously approved by Court Order Filed by Konstantinos Sparagis on behalf of Deborah Ebner (RE: 41 Order on Motion to Approve). (Sparagis, Konstantinos) (Entered: 01/04/2006) |

| 01/27/2006 | ○43 | **Notice of Motion and Motion to Extend Time for Auction Filed by Maurice J Salem on behalf of Najib Zedan . Hearing scheduled for 2/1/2006 at 10:00 AM at 219 South Dearborn, Courtroom 615, Chicago, Illnois 60604. (Jerdine, Maurice) (Entered: 01/30/2006)** |
|---|---|---|
| 01/27/2006 | ○44 | **Notice of Appearance with Certificate of Service Filed by Maurice J Salem on behalf of Najib Zedan . (Jerdine, Maurice) (Entered: 01/30/2006)** |
| 02/01/2006 | ○45 | **Amended Notice of Motion Filed by Maurice J Salem on behalf of Najib Zedan (RE: 43 Motion to Extend Time). Hearing scheduled for 2/3/2006 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Jerdine, Maurice) (Entered: 02/02/2006)** |
| 02/02/2006 | ○46 | **INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE Notice of Filing Notice of Amendment to Amended Schedule C Filed by Jeffrey B Rose on behalf of Basem E Habash. (Attachments: # 1 Amendment to Schedules) (Rose, Jeffrey) Modified on 2/3/2006 (Sims, Mildred). (Entered: 02/02/2006)** |
| 02/03/2006 | ○47 | **Amended Schedules : Amended Schedule C. Filed by Jeffrey B Rose on behalf of Basem E Habash. (Rose, Jeffrey) (Entered: 02/03/2006)** |

| 02/03/2006 | ◎48 | **Notice of Filing Filed by Jeffrey B Rose on behalf of Basem E Habash (RE: <u>47</u> Amended Schedules (No Fee)). (Attachments: # <u>1</u> Amendment to Amended Schedule C) (Rose, Jeffrey) (Entered: 02/03/2006)** |
|---|---|---|
| 02/03/2006 | ◎49 | **CORRECTIVE ENTRY INCORRECT EVENT ENTERED, FILER NOTIFIED TO REFILE (RE: <u>46</u> Notice of Filing, ). (Sims, Mildred) (Entered: 02/03/2006)** |
| 02/03/2006 | ◎<u>50</u> | **Order Denying Motion to Extend Time (Related Doc # 4<u>3</u>). Signed on 2/3/2006. (Jerdine, Maurice) (Entered: 02/10/2006)** |
| 02/17/2006 | ◎<u>51</u> | **Order Granting Motion to Approve (Related Doc # <u>34</u>). Signed on 2/17/2006. (Jerdine, Maurice) (Entered: 02/27/2006)** |
| 04/17/2006 | ◎<u>52</u> | **424 (Obj/Revocation Discharge 727) : Complaint <u>06-01021</u> Filed by Najib Zedan against Basem E Habash ; Susan Habash (Salem, Maurice) (Entered: 04/17/2006)** |
| 04/26/2006 | ◎<u>53</u> | **Notice of Motion and Application for Compensation for Morgan & Bley, Ltd., Special Counsel, Fee: $8359.50, Expenses: $32.99. Filed by Konstantinos Sparagis. Hearing scheduled for 5/12/2006 at 09:15 AM at EMCO Plaza Building, 57 West Jefferson Street, Room 201, Joliet, Illinois 60432. (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit # <u>3</u> Exhibit # <u>4</u> Proposed Order) (Sparagis, Konstantinos) (Entered: 04/26/2006)** |

| | | |
|---|---|---|
| 04/26/2006 | 54 | **Cover Sheet for Professional Fees Filed by Konstantinos Sparagis on behalf of Morgan & Bley, Ltd. (RE: 53 Application for Compensation, ). (Sparagis, Konstantinos) (Entered: 04/26/2006)** |
| 04/26/2006 | 55 | **Summary Morgan & Bley, Ltd.'s Fee Application Filed by Konstantinos Sparagis on behalf of Morgan & Bley, Ltd.. (Sparagis, Konstantinos) (Entered: 04/26/2006)** |
| 04/30/2006 | 56 | **Initial Report of Assets - Trustee has found assets in this estate to be administered for the benefit of creditors, or believes there is a likelihood that such assets will be recovered within a reasonable period of time. The Trustee requests that notice be sent to creditors fixing time for filing claims. (Ebner, Deborah) (Entered: 04/30/2006)** |
| 05/01/2006 | 57 | **Request Notice Fixing Time For Filing . Proofs of Claims due by 8/1/2006. Government Proof of Claim due by 8/1/2006. (Jerdine, Maurice) (Entered: 05/01/2006)** |
| 05/01/2006 | 58 | **BNC Certificate of Service - Notice Fixing Time for Filing Claims (RE: 57 Request Notice Fixing Time For Filing). No. of Notices: 22. Service Date 05/03/2006. (Admin.) (Entered: 05/04/2006)** |
| 05/12/2006 | 59 | **Order Granting Application For Compensation (Related Doc # 53). Morgan & Bley, Ltd., fees awarded: $8359.50,** |

| | | |
|---|---|---|
| | | expenses awarded: $32.99. Signed on 5/12/2006. (Jerdine, Maurice) (Entered: 05/17/2006) |
| 05/21/2006 | 60 | Individual Estate Property Record and Report Asset Cases (Form 1 and/or Form 2) Filed by Trustee Deborah Ebner. (Ebner, Deborah) (Entered: 05/21/2006) |
| 07/11/2006 | 61 | Adversary Case 1-06-ap-1021 Closed . (Jerdine, Maurice) (Entered: 07/11/2006) |
| 12/05/2006 | 62 | Withdrawal of Claim(s): of Najib Zaden Filed by Maurice J Salem on behalf of Najib Zedan. (Salem, Maurice) Modified on 12/7/2006 to correct docket text to include Claim #1 (Sims, Mildred). (Entered: 12/05/2006) |
| 12/07/2006 | 63 | CORRECTIVE ENTRY to correct docket text to include Claim #1 (RE: 62 Withdrawal of Claim). (Sims, Mildred) (Entered: 12/07/2006) |
| 01/16/2007 | 64 | Withdrawal of Claim(s): 2 Filed by Deborah Ebner on behalf of Lasalle Bank NA. (Ebner, Deborah) (Entered: 01/16/2007) |
| 04/05/2007 | 65 | Final Report and Account Filed by Trustee Deborah Kanner Ebner. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit) (Kanner Ebner, Deborah) (Entered: 04/05/2007) |
| 04/05/2007 | 66 | Application for Compensation for Deborah |

| | | |
|---|---|---|
| | | Kanner Ebner, Trustee Chapter 7, Fee: $4270.94, Expenses: $27.80. Filed by Trustee Deborah Kanner Ebner (Attachments: # 1 Proposed Order) (Kanner Ebner, Deborah) (Entered: 04/05/2007) |
| 04/05/2007 | 67 | Application for Compensation for Lois West, Accountant, Fee: $817.00, Expenses: $0.00. Filed by Trustee Deborah Kanner Ebner (Attachments: # 1 Proposed Order) (Kanner Ebner, Deborah) (Entered: 04/05/2007) |
| 04/05/2007 | 68 | Cover Sheet for Professional Fees Filed by Trustee Deborah Kanner Ebner (RE: 66 Application for Compensation). (Kanner Ebner, Deborah) (Entered: 04/05/2007) |
| 04/05/2007 | 69 | Cover Sheet for Professional Fees Filed by Accountant Lois West (RE: 67 Application for Compensation). (Kanner Ebner, Deborah) (Entered: 04/05/2007) |
| 04/09/2007 | 70 | Notice of Filing of U S Trustee's Certificate of Review of Trustee's Final Report Filed by U.S. Trustee William T Neary. (Silver, Gretchen) (Entered: 04/09/2007) |
| 04/20/2007 | 71 | Request Notice on Trustee's Final Report and Account (Asset 7) (RE: 65 Final Report and Account - Asset). Hearing scheduled for 6/1/2007 at 09:15 AM at Will County Court Annex, 57 N. Ottawa St., Rm 201 Joliet, IL 60432. (McClendon, Annette) (Entered: 04/20/2007) |
| | | |

| 04/20/2007 | 72 | BNC Certificate of Service - PDF Document. (RE: 71 Request Notice on Trustee's Final Report and Account (Asset 7), Request Notice on Trustee's Final Report and Account (Asset 7)). No. of Notices: 28. Service Date 04/22/2007. (Admin.) (Entered: 04/22/2007) |
| --- | --- | --- |
| 06/01/2007 | 73 | Order Granting Application For Compensation (Related Doc # 67). Lois West, fees awarded: $817.00, expenses awarded: $0.00. Signed on 6/1/2007. (Jerdine, Maurice) (Entered: 06/05/2007) |
| 06/01/2007 | 74 | Order Granting Application For Compensation (Related Doc # 66). Deborah Kanner Ebner, fees awarded: $4270.94, expenses awarded: $27.80. Signed on 6/1/2007. (Jerdine, Maurice) (Entered: 06/05/2007) |
| 06/06/2007 | 75 | Distribution Report Filed by Trustee Deborah Kanner Ebner. (Kanner Ebner, Deborah) (Entered: 06/06/2007) |
| 08/18/2007 | 76 | Individual Estate Property Record and Report Asset Cases (Form 1 and/or Form 2) Filed by Trustee Deborah Kanner Ebner. (Ebner, Deborah) (Entered: 08/18/2007) |
| 11/20/2007 | 77 | Final Account and Application to Close Case and Discharge Trustee Filed by Trustee Deborah Kanner Ebner. (Kanner Ebner, Deborah) (Entered: 11/20/2007) |

| 11/21/2007 | ⊙78 | Request for Discharge Order . (Jerdine, Maurice) (Entered: 11/21/2007) |
|---|---|---|
| 11/22/2007 | ⊙79 | BNC Certificate of Service - Order of Discharge. (RE: 78 Request for Discharge Order). No. of Notices: 19. Service Date 11/23/2007. (Admin.) (Entered: 11/23/2007) |
| 11/26/2007 | ⊙80 | Notice of Filing of U S Trustee's Memorandum of Review of Trustee's Final Account Filed by U.S. Trustee William T Neary. (Silver, Gretchen) (Entered: 11/26/2007) |
| 11/26/2007 | ⊙81 | Bankruptcy Case Closed and Trustee Discharged . (Jerdine, Maurice) (Entered: 11/26/2007) |
| 11/27/2007 | ⊙82 | Notice of Appeal to District Court Court. Filed by Maurice J Salem on behalf of Najib Zedan. Fee Amount $255. Appellant Designation due by 12/7/2007. Transmission of Record Due by 1/6/2008. (Attachments: # 1 Discharge Order# 2 Order Dismissing Complaint# 3 Statement of Issue Presented# 4 Designation of Items)(Salem, Maurice) Modified on 11/28/2007 to create relate document #78 (Weston, Carel Dell). (Entered: 11/27/2007) |
| 11/27/2007 | 83 | Receipt of Notice of Appeal(04-32169) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 7940839. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 11/27/2007) |
| | | |

| 11/28/2007 | ○84 | **CORRECTIVE ENTRY to create relate document #78 (RE: 82 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 11/28/2007)** |
| 11/28/2007 | ○85 | **Notice of Filing to Bk Judge and Parties on Service List (RE: 82 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 11/28/2007)** |
| 11/27/2007 | ○86 | **Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Maurice J Salem on behalf of Najib Zedan . (RE: 82 Notice of Appeal, ). (Weston, Carel Dell) (Entered: 01/07/2008)** |



This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois

KENNETH S. GARDNER
CLERK OF COURT
By
Deputy Clerk
Date

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604
**Kenneth S. Gardner, Bankruptcy Clerk**

| | |
|---|---|
| Date | November 28, 2007 |
| Case Number | 04 B 32169 |
| Case Name | Basem E Habash |
| Notice of Appeal Filed | November 27, 2007 |
| Notice of Cross Appeal Filed | |

Dear Sir/Madam:

A Notice of Appeal having been filed pursuant to **Bankruptcy Rule 8002**, please be notified that the Record on Appeal will be transmitted to the United States District Court when the record is complete for the purpose of appeal.

**Bankruptcy Rule 8006** requires that, within ten (10) days of the filing of the Notice of Appeal, the Appellant must file the following with the Clerk of the United States Bankruptcy Court:

- A Designation of the Content of the Record on Appeal
- A Statement of the Issues to be presented on Appeal

If the above are not filed within the ten (10) day time period as provided by **Bankruptcy Rule 8006**, the appeal will not be perfected.

Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated. If the party fails to provide the copy of the items designated, the clerk shall prepare the copy at the party's expense.

**Bankruptcy Rule 8006** further states: If the record designated by any party includes a transcript of any proceeding, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and made satisfactory arrangements for payment of its cost.

**Local Rule 414** (B) states: Upon request, parties shall make the exhibits and transcripts or copies thereof available to any other party to copy at its expense to enable that party to designate or prepare the record on appeal.

By Deputy Clerk   Carel Dell Weston

cc: Bankruptcy Judge & Attorneys of Record

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. <u>04 B 32169</u> |
| | ) | Chapter: 7 |
| **BASEM E. HABASH** | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 219 |
| ------------------------------------- | )------------------------------------------- | |
| **NAJIB ZEDAN,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| **BASEM E. HABASH and** | ) | |
| **SUSAN HABASH,** | ) | |
| Defendants. | ) | |
| ------------------------------------- | ) | |

## <u>NOTICE OF APPEAL</u>
## <u>TO THE DISTRICT COURT</u>

PLEASE TAKE NOTICE, that Maurice Salem, attorney for the plaintiff-creditor

Najib Zedan, appeals under 28 U.S.C. § 158(d) to the district court from the two orders,

annexed hereto, of the Bankruptcy Judge Bruce W. Black, granting Debtor a Discharge in

the above referenced case, on the 21st day of November, 2007, and granting defendants'

motion to dismiss plaintiff's adversary complaint on the 7th day of July, 2006.

The names of all parties to the order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: November 27, 2007

                             <u>S/  Maurice J. Salem</u>
                             Attorney for Creditor/Plaintiff
                             7156 W. 127th Street, B-149
                             Palos Heights, IL. 60463
                             Tel.(708) 277-4775
                             Fax (708) 448-4515

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

### Northern District of Illinois
### Case No. 04-32169
### Chapter 7

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

    Basem E Habash
    7407 West Arran Drive
    Frankfort, IL 60423

Social Security No.:
    xxx-xx-4594

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

    It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: November 21, 2007

Kenneth S. Gardner, Clerk
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**
Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0752-1
Case: 04-32169

User: mjerdine
Form ID: b18

Page 1 of 1
Total Served: 24

Date Rcvd: Nov 22, 2007

The following entities were served by first class mail on Nov 23, 2007.
| | | |
|---|---|---|
| db | +Basem E Habash, | 7407 West Arran Drive, Frankfort, IL 60423-8642 |
| aty | +Bruce L Wald, | Tishler & Wald Ltd, 200 S Wacker Dr, Suite 3000, Chicago, IL 60606-5815 |
| aty | +Jeffrey B Rose, | Tishler & Wald Ltd, 200 S Wacker Drive, Suite 3000, Chicago, IL 60606-5815 |
| aty | +Keevan D. Morgan, | Morgan & Bley, Ltd., 900 W. Jackson Blvd., Chicago, IL 60607-3024 |
| aty | +Konstantine T. Sparagis, | Law Offices of Konstantine Sparagis P C, 8 S Michigan Ave 27th Fl, Chicago, IL 60603-3357 |
| tr | +Deborah Kanner Ebner, | 11 E Adams St, Suite 800, Chicago, IL 60603-6324 |
| 8616582 | +Carson, Pirie, Scott, | P O Box 17633, Bailtimore, MD 21297-1633 |
| 8438911 | +First United Bank, | P. O. Box 400, Crete, IL 60417-0400 |
| 8438912 | +Great Bank, | 234 South Randall Road, Algonquin, IL 60102-9706 |
| 8438913 | +Habash Trading, Inc., | 6801 W. 66th Place, Bedford Park, IL 60638-4805, 60638 |
| 8438914 | +LaSalle Bank, | 4747 W. Irving Park Road, Chicago, IL 60641-2791 |
| 10730627 | +LaSalle Bank, N.A., | 4747 West Irving Park Road, Chicago, Illinois 60641-2791 |
| 8438910 | +MBNA America (Delaware), | c/o Becket & Lee, PO Box 3001, Malvern, PA 19355-0701 |
| 8438915 | +Najib Zedan, | 14201 Streamstown Court, Orland Park, IL 60462-2362, 60462 |
| 8438916 | +Najib Zedan, | c/o Roderick F Mollison, 205 N. Michigan Avenue, Chicago, IL 60601-5927 |
| 8438917 | +Nasser Yousef, | 4426 W. Peterson, Chicago, IL 60646-5942 |
| 8438919 | Sears, | P. O. Box 182149, Columbus, OH 43218-2149 |
| 8438920 | Susan Habash, | 7407 W. Arran Drive, Frankfort, IL 60423-8642 |
| 8438921 | Washington Mutual, | P O Box 70308, Charlotte, NC 28272-0308 |

The following entities were served by electronic transmission on Nov 22, 2007.
| | | |
|---|---|---|
| 8438908 | EDI: BANKAMER.COM Nov 22 2007 05:50:00 | Advanta, P. O. Box 30715, Salt Lake City, UT 84130-0715 |
| 8438909 | EDI: CHASE.COM Nov 22 2007 05:50:00 | Bank One, Cardmember Service, P. O. Box 15153, Wilmington, DE 19886-5153 |
| 8616582 | +EDI: HFC.COM Nov 22 2007 05:50:00 | Carson, Pirie, Scott, P O Box 17633, Bailtimore, MD 21297-1633 |
| 8438907 | EDI: CHASE.COM Nov 22 2007 05:50:00 | Chase, P. O. Box 52064, Phoenix, AZ 85072-2064 |
| 8438918 | EDI: PROVID.COM Nov 22 2007 05:50:00 | Providian, P. O. Box 660433, Dallas, TX 75266-0433 |
| 8438919 | EDI: SEARS.COM Nov 22 2007 05:50:00 | Sears, P. O. Box 182149, Columbus, OH 43218-2149 |
| 10763678 | EDI: ECAST.COM Nov 22 2007 05:50:00 | eCAST Settlement Corporation successor to, MBNA America Bank Delaware N A, POB 35480, Newark NJ 07193-5480 |

TOTAL: 7

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty       Morgan & Bley Ltd
                                                                    TOTALS: 1, * 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 23, 2007        Signature:     *Joseph Speetjens*

07/07/2006 16:07 FAX 312 876 3816          TISHLER & WALD          @002

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
|  | ) |  |
| Debtor. | ) | Hon. Bruce W. Black |
|  | ) |  |
|  | ) |  |
| NAJIB ZEDAN, | ) |  |
|  | ) | Plaintiff, |
|  | ) | Adv. No. 06-01021 |
| v. | ) |  |
|  | ) |  |
| BASEM E. HABASH and | ) |  |
| SUSAN HABASH, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter coming to be heard on the Motion to Dismiss Adversary Proceeding filed by BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein, due notice having been served and the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

1.  The above entitled adversary proceeding is dismissed with prejudice;

2.  All reasonable costs and attorneys' fees incurred by BASEM E. HABASH AND SUSAN HABASH in defending this adversary proceeding shall be paid by NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

3.  NAJIB ZEDAN is enjoined from initiating any further motions or actions against BASEM E. HABASH or SUSAN HABASH arising from the debt owed by BASEM E. HABASH to NAJIB ZEDAN prior to the filing of BASEM E. HABASH'S Chapter 7 bankruptcy proceeding.

ENTERED

ENTER:                JUL 0 7 2006

Date:_____              BRUCE W. BLACK, BANKRUPTCY JUDGE

United States Bankruptcy Judge BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                   )      Case No. <u>04 B 32169</u>
                                         )      Chapter:  7
BASEM E. HABASH                          )
                                         )
             Debtor.                     )      Judge: Bruce W. Black
                                         )      Courtroom 219
--------------------------------------- )--------------------------------
NAJIB ZEDAN,                             )
                                         )
             Plaintiff,                  )
                                         )
      v.                                 )
                                         )      Adv. No. 06-01021
BASEM E. HABASH and                      )
SUSAN HABASH,                            )
                                         )
             Defendants.                 )

08CV0120
JUDGE HIBBLER
MAG.JUDGE COX

FILED
JAN - 7 2008  TG
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DESIGNATION OF ITEMS
## TO BE INCLUDED IN THE RECORD ON APPEAL

1. Notice of Appeal, Dated 11/27/07

2. Order Granting Discharge, Dated 11/21/07

3. Order Dismissing Case, Dated 07/07/06

4. Statement of Issue Presented

5. Adversary Summons and Complaint

6. Defendants' Motion to Dismiss

7. Plaintiff's Memorandum of Law in Opposition

8. Defendants' Reply

9. Transcript of July 7, 2006 hearing

**FILED**
UNITED STATES BANKRUPTCY COURT,
NORTHERN DISTRICT OF ILLINOIS

NOV **2 7** 2007

**KENNETH S. GARDNER, CLERK**
**TEAM - E**

Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: November 27, 2007

S/   Maurice J. Salem
Attorney for Creditor/Plaintiff
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel.(708) 277-4775
Fax (708) 448-4515



B 18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois
### Case No. 04–32169
### Chapter 7

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

    Basem E Habash
    7407 West Arran Drive
    Frankfort, IL 60423

Social Security No.:
    xxx–xx–4594

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

    It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: _November 21, 2007_

        Kenneth S. Gardner, Clerk
        United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
| | ) | |
| Debtor, | ) | Hon. Bruce W. Black |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| NAJIB ZEDAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming to be heard on the Motion to Dismiss Adversary Proceeding filed by

BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein,

due notice having been served and the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

1.    The above entitled adversary proceeding is dismissed with prejudice;

2.    All reasonable costs and attorneys' fees incurred by BASEM E. HABASH AND
SUSAN HABASH in defending this adversary proceeding shall be paid by
NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

3.    NAJIB ZEDAN is enjoined from initiating any further motions or actions against
BASEM E. HABASH or SUSAN HABASH arising from the debt owed by
BASEM E. HABASH to NAJIB ZEDAN prior to the filing of BASEM E.
HABASH'S Chapter 7 bankruptcy proceeding.

ENTERED

Date:_____

ENTER:

JUL 0 7 2006

_____
United States Bankruptcy Judge

BRUCE W. BLACK, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

000003

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. <u>04 B 32169</u> |
| | ) | Chapter: 7 |
| BASEM E. HABASH | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 219 |
| ----------------------------------------- | )------------------------------------------------------- | |
| NAJIB ZEDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |
| ----------------------------------------- | ) | |

## STATEMENT OF ISSUE TO BE PRESENTED ON APPEAL

1. Whether the fraud discovered by the Plaintiff-Creditor, Najib Zedan, was after a

court ordered deadline to file objections?


Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: Palos Heights, Illinois
        November 27, 2007


                                        S/  Maurice J. Salem
                                        Attorney for Creditor/Plaintiff
                                        7156 W. 127th Street, B-149
                                        Palos Heights, IL. 60463
                                        Tel.(708) 277-4775
                                        Fax (708) 448-4515



**CMECF** Bankruptcy • Auversary • Query • Reports • Utilities • Logout ?

ILNB

## U.S. Bankruptcy Court
## Northern District of Illinois

I re:

**ASEM E HABASH**

Bankruptcy Case No. **04-32169**

Debtor

**AJIB ZEDAN**

Adversary Proceeding No. **06-01021**

Plaintiff

**ASEM E HABASH**
**JSAN HABASH**

Defendant

### SUMMONS IN AN ADVERSARY PROCEEDING

**OU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summon to .e Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United tates and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

Address of Clerk

**Clerk, U.S. Bankruptcy Court**
**Northern District of Illinois**
**219 S Dearborn**
**Chicago, IL 60604**

t the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney:

Name and Address of Plaintiff's Attorney

**Maurice J Salem**
**7156 W 127th Street, B-149**
**Palos Heights, IL 60463**

you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

OU ARE NOTIFIED that a status hearing has been set at the following time and place:

000005

**Address**

EMCO Plaza Building
57 West Jefferson Street
Room 201
Joliet IL 60432

**Status Hearing Date and Time**
05/19/2006 at 09:15AM

' YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO
NTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST
OU FOR THE RELIEF DEMANDED IN THE COMPLAINT.



Date Issued:
04/17/2006

Kenneth S. Gardner, Clerk Of Court

000006

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. <u>04 b 32169</u> |
| | ) | Chapter: 7 |
| BASEM E. HABASH | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 615 |
| ------------------------------------------------ | ) | |
| NABIJ ZEDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |
| ------------------------------------------------ | ) | |

## ADVERSARY COMPLAINT

1. The Creditor-Plaintiff, Nabij Zedan, by his attorney, Maurice J. Salem, represents and states as follows:

### Nature of the Complaint

2. This action is based on 11 U.S.C. § 727(a) and 11 U.S.C. § 523(a)(4) and noncore related Counts of fraudulent transfer under Illinois law, 740 ILCS 160/6(a), and misappropriation of corporate assets under Illinois law.

### Jurisdiction

3. This Court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 727(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding.

### Statement of Facts

000007

**Salaries Fraud**

4.    First, pursuant to Exhibit #3, to the Debtor's September 19, 2005 Depositions, the total salary paid by Habash Trading Inc., in 2004, to all its employees was "$73,500." Schedule I to Debtor's bankruptcy petition shows the Debtor earning $55,580 for 2004 year. Exhibit #8, to the Debtor's September 19, 2005 Depositions, shows a 2003 a joint tax return with his wife, defendant Susan Habash, where they earned $51,593.

5.    If the Debtor and his wife earned $55,580 in 2004, then the total salary to all other employees of Habash Trading Inc. would be: $73,500 − $55,580 = $17,920.  This means that, excluding Debtor and his wife's salary, all other employees' yearly salary is $17,920.  It is undisputed that Habash Trading Inc. has at least five (5) employees, which include: the driver, two sales clerks, purchase manager and one or two stock boys.  It is clearly fraud for the Debtor to represent that at least five employees earn a total of $17,920 per year.

6.    Second, the Debtor and his wife did not produce their individual W-2 forms. Schedule I to Debtor's bankruptcy petition shows the Debtor earning $55,580 for 2004 year.  Exhibit #8, to the Debtor's September 19, 2005 Depositions, shows a 2003 a joint tax return with his wife where they earned $51,593.  If it is true that Debtor and his wife earn approximately $55,000 per year, and given the expenses shown on Schedule J, $54,408, then how can his wife save $38,500 to bid this amount in the February 15, 2006 auction of Debtor's property?

7.    The Debtor owns two corporations from which he generated money.  The corporation in Nashville, Tenn., Baraka Bakery was sold and Habash Trading Inc. holds

2

a note that is not being satisfied. The Debtor has failed to disclose any useful information other then name and address and hinder the attempts by the creditors to determine the assets in the Nashville Corporation.

## Corporation Fraud

8.     The Illinois Corporation, Habash Trading Inc., which was sold at an auction on February 15, 2006, has not been properly disclosed. The Trustee's attorney, Mr. Morgan, questioned the Debtor about the inventory he received and the Debtor used Exhibit #2 of his Depositions to answer the questions. Exhibit #2 is a self serving document created solely by the Debtor.

9.     Debtor made false statements and hindered disclosure of property value at auction in that, as shown on Exhibit # 3 of Debtor's Depositions, Habash Trading Inc., which sells 2.3 Million dollars per year, only makes $9,115 profit per year. Nonetheless, there is a clear fraudulent claims made by the Debtor with respect to his inventory.


## Inventory Fraud

10.    The Illinois Department of Revenue caught many businesses cheating on their sales tax by issuing subpoenas to all of their suppliers. The invoice from the suppliers reveals the amount of inventory purchased. The sale of this inventory, together with the markup, shows how much money was made and thus, the correct sales tax that should have been paid.

11.    In this case, it has come to our attention that Habash Trading Inc. has previously generated large income and savings that the debtor did not report and passed onto his wife. The debtor hindered the creditor by refusing to provide a list of all suppliers, their

000009



address and telephone numbers. The debtor failed to provide the following list of

suppliers to Habash Trading Inc. All of the following suppliers, including all other

suppliers that the debtor failed to reveal, show that the amount of supplies or inventory

purchased, together with the markup, is greater than the amount the debtor reported:

Baroody Imports
1500 B. Main Avenue
Clifton, NJ 07011
Tel 973-340-4832
Fax 973-340-5193

Gino Inc.
20224 John R. Road
Detroit, MI. 48203
Tel 313-368-3840

H & A Whole sale
1330 Industrial
Dearborn, MI 48120
Tel 313-729-2121

Kradijan Importing Co.
5018 San Fernando Road
Glendale, CA. 91204
Tel. 818-502-1313
Fax 818-502-0546

Middle East Treasures Import
603 Washington Road, Building 9, Ste. B
South Amboy, NJ 08879
Tel 732-225-2444
Fax 732-225-0655

REEF Inc.
20237 John R Road
Detroit, MI. 48203
Tel. 313-893-3340

Trans Mideast
2123 El Bridge Rd. West
Brooklyn, NY
Tel. 718-492-8546

000010

Fax 718-492-8500

TUT's International
4900 Stecker Avenue
Dearborn, MI. 48126
Tel 313-582-9100
Fax 313-582-9800

Delta Trading
Brooklyn, NY
Tel 718-439-8283

Dolan Date Co.
Arizona
Tel 928-344-2961

Golden West Almond
California
Tel 209-599-6193

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

12.    The following companies are major purchasers from Habash Trading Inc.:


Abu Ahamad
311 Main City Market
Kansas City MO. 64105
Tel. (816) 421-6727

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

**Debtor's father inheritance**

13.    The Debtor's father died last year in the country Jordan and left his inheritance to

his children. Although the legal requirement in Jordan is that "two women inherit as

much as one man," unfortunately the actual custom and practice is that only the males

5

000011

inherit the major portion of their parents' fortune, including all land, all buildings and bank accounts; this is well known and should not be disputed. The debtor claimed in his September 19, 2005 Depositions that he did not inherit anything from his father; there is absolutely no reason for the debtor not to receive any inheritance. Nonetheless, the debtor refused to reveal the following:

1. List all the bank accounts in debtor father's name at the time of death and within five years prior to his death;

2. List all real property that debtor's father owns or owned within the 5 years prior to his death;

3. A list of all other assets, including but not limited to, gold, cash on hand, furniture, businesses and any debts owed to his father;

4. The name of all individuals who took any of debtor's father assets through inheritance or within 5 years prior to death;

5. Whether the debtor took any of his father's assets, directly or indirectly from his father or from anyone who took from his father's assets after the death and within five years prior to the death.

14.    Debtor's failure to reveal the above information constitutes hindrance. Moreover, debtor's unreported bank account - from a confidential source at the Bank of Jordan, or the Jordanian Bank, - was received with information that debtor, Basem Habash, has an account at this Bank. Debtor failed to reveal whether he has or ever had a bank account at the Jordanian Bank, in Jordan, or any bank account in any other bank in the world.

000012

15.   Debtor's claim that his house in Salt Jordan is $15,000 in value is false.  The plaintiff, Mr. Zedan, believes that the value is not only great, but that the debtor has combined his house with another owned by his father to make it difficult for an individual to purchase just the debtor's house.

### COUNT I
### 11 U.S.C. § 727(a)

16.   Plaintiff repeats paragraphs 1 through 15.

17.   11 U.S.C. § 727(a) the court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor or the estate.

18.   Debtor did defraud and hinder the creditor plaintiff as set forth above.

### COUNT II
### 11 U.S.C. § 523(a)(4)

19.   Plaintiff repeats paragraphs 1 through 18.

20.   11 U.S.C. § 523(a)(4) provides an exception to discharge where the debt is based on fraud or defalcation while acting in a fiduciary capacity.  **Exhibit A** is a judgment order for $119,328.00 based on breach of fiduciary duty by debtor.

21.   The attached judgment, **Exhibit A**, is not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

### COUNT III
### Fraudulent transfer, 740 ILCS 160/6(a)

22.   Plaintiff repeats paragraphs 1 through 21.

7

000013

23.    Debtor fraudulent transferred his property, income and profits from his business to his wife, defendant Susan Habash, to defraud and hinder his creditors as set forth above.

24.    Base on the above set forth facts, debtor fraudulent transferred his property to his wife, defendant Susan Habash, pursuant to 740 ILCS 160/6(a).

**COUNT IV**
**Misappropriation of corporate assets**

25.    Plaintiff repeats paragraphs 1 through 24.

26.    Base on the above set forth facts, debtor misappropriated corporate assets, property, income and profits from his business to defraud and hinder his creditors as set forth above.

27.    **WHEREFORE**, the Creditor-Plaintiff, Najib Zedan, respectfully request that this Court grant a judgment against the Debtor declaring the debts in this case as nondischargeable, together with such other and further relief that this Court deems just and proper.

Dated: Palos Heights, Illinois
       April 17, 2006

Respectfully submitted,

S/  Maurice J. Salem
Attorney for Creditor/Plaintiff
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel.(708) 277-4775
Fax (708) 448-4515

8

000014

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NAJIB ZEDAN

v.                                                    No.    96 CH 9610

RASHID SWEIS, BASSIM HABBASH, EDENS INTERNATIONAL          PAGE ONE OF THREE PAGES
INC.

## ORDER

      This matter coming on for hearing by prior order of court on the ACCOUNTING
of the defendant BASSIM HABBASH, a shareholder and officer of EDENS INTERNATIONAL INC.,
and plaintiff's objections to that accounting for the disposition of the equipment,
inventory, cash receivables and other assets of EDENS, said corporation having been
previously dissolved and having ceased business on or about December 29, 1997, the
Court having considered the testimony of the witnesses, the credibility of the witnesses,
the exhibits admitted into evidence, having listened to the argument of both counsel
and being otherwise duly advised in the premises DOTH HEREBY FIND:

1. That BASSIM HABBASH, as an admitted officer of EDENS and having testified that he
   managed EDENS INTERNATIONAL during its last months of business together with RASHID
   SWEIS, was under a fiduciary duty to the corporation and to NAJIB ZEDAN to maintain,
   protect and account for the assets of the corporation EDENS. SWEIS is currently a
bankrupt in the Northern District of Illinois; ZEDAN is an owner of one-third (1/3)
of the outstanding and issued stock of EDENS.

2. That the Plaintiff's First Request for Admissions, served on the defendants on
   July 31, 2000, not having been denied is deemed to be admitted togther with the
   corporate balance sheet and federal tax return of EDENS attached thereto. Accordingly,
   the values set forth in the return and the balance sheet dated 12/31/97 of inventory
   $171,337.00 , equipment and fixtures $141,162.57, cash on hand $62,839.00 ;

Atty. No. : 22540

Name : RODERICK. F. MOLLISON

Atty. for : Plaintiff

Address : 205 North Michigan Ave

City/State/Zip : Chicago, IL 60601

Telephone : 312/832./9200

ENTER :

*JUDGE RICHARD A. SIEBEL*
*AUG 1 8 2004*
*Circuit Court - 1778*

Judge                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT**
**A**

CCG N002-250M-7/26/03 (35480662)
000015

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NAJIB ZEDAN

v.

RASHID SWEIS, ET AL.

No.   96 CH 9610

PAGE TWO OF THREE PAGES

### ORDER

recievables, $120,000.00 are all taken as true and admitted.

3. That the Accounting of BASSIM HABBASH, to a clear preponderance of the evidence clearly shows:

    a. Inventory to the value of $171,337.00 is unaccounted for and taken in breach of fiduciary duty;

    b. Cash on hand, to the value of $12,255.00 is unaccounted for and taken in breach of fiduciary duty;

    c. Recievables to the value of $121,525.00 is unaccounted for and taken in breach of fiduciary duty;

    d. Equipment to the value of $57,477.00 is unaccounted for and taken in breach of fiduciary duty;

    e. Objections to the offiers loans are withdrawn.

4. That EDENS INTERNATIOANL is due a credit from the defendant BASSIM HABBASH as a result thereof in the sum of $362,594.00 by reason of his aforesaid breaches of fiduciary duty, and ZEDAN is entitled to recover from HABBASH one-third thereof or $119,328.00, plus costs. Accordingly,

IT IS HEREBY OREDERED, ADJUDGED AND DECREED:

    Judgement is entered against BASSIM HABBASH in the sum of ONE HUNDRED, NINETEEN THOUSAND, THREE HUNDRED, TWENTY-EIGHT DOLLARS ($119,328.00) plus costs.

Atty. No. : _____

Name : __RODERICK P. MOLLISON__

Atty. for : __PLAINITFF__

Address : __205 N. Michigan Ave__

City/State/Zip : __CHicago, IL__

Telephone : __312.932-9200__

ENTER :

JUDGE RICHARD A. SIEBEL
AUG 1 8 2004
Circuit Court - 1778

Judge             Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NAJIB  ZEDAN

v.

RASHID SWEIS, ET AL.

No.  96 CH 9610

PAGE THREE OF THREE PAGES

### ORDER

FURTHER, this is a final order which disposes of all of the claims of all of the parties to this action.  There is no just reason to delay enforcement or appeal of this order.

FURTHER, this judgment order superceeds and is entered NUNC PRO TUNC in lieu of the Judgement order entered herein August 3, 2004.

Atty. No. :  22540

Name :  RODERICK F. MOLLISON

Atty. for : Plaintiff

Address :  205 North Michigan

City/State/Zip :  CHicago, IL 60601

Telephone : 312/832-9200

ENTER :

JUDGE RICHARD A. SIEBEL

AUG 1 8 2004

Circuit Court -1778

Judge:                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CCG N002-250M-7/26/03 (33480662)

000017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
| | ) | |
| Debtor, | ) | Hon. Bruce W. Black |
| | ) | |
| NAJIB ZEDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

**TO:**   Maurice J. Salem
7156 West 127th Street, B-149
Palos Heights, Illinois 60463

**PLEASE TAKE NOTICE** that on July 7, 2006, at the hour of 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Bruce W. Black, at the U.S. Bankruptcy Courthouse, 57 West Jefferson Street, EMCO Plaza, Room 201, Joliet, Illinois, and present a Motion to Dismiss Adversary Proceeding, a copy of which is attached hereto and hereby served upon you.

_____  /s/ Jeffrey B. Rose
Jeffrey B. Rose

Jeffrey B. Rose
Attorney for Debtor and Defendants
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 876-3800

000018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
| | ) | |
| Debtor, | ) | Hon. Bruce W. Black |
| | ) | |
| NAJIB ZEDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS ADVERSARY PROCEEDING

BASEM E. HABASH, Debtor and Defendant herein ("Basem" or "Mr. Habash"), and

SUSAN HABASH, Defendant herein ("Susan" or "Mrs. Habash"), by their attorney, Jeffrey B.

Rose, of Tishler & Wald, Ltd., moves this Honorable Court for the entry of an Order dismissing

the above entitled adversary proceeding and granting such additional and further relief as the

Court deems equitable and just. In support of this Motion, Mr. and Mrs. Habash state as follows:

### Background

1.      On August 30, 2004, Mr. Habash initiated the above entitled Chapter 7

bankruptcy proceeding by filing a voluntary petition, schedules and statement of affairs.

2.      The initial meeting of creditors was scheduled for October 20, 2004, but it was

postponed when the appointed bankruptcy trustee, Thomas B. Sullivan, resigned from the case.

3.      On October 21, 2004, Deborah K. Ebner was appointed to replace Thomas B.

Sullivan as the bankruptcy trustee.

000019

4.      On October 22, 2004, the first meeting of creditors was rescheduled for December 2, 2004. On the same date, NAJIB ZEDAN, Plaintiff herein ("Zedan"), by his attorney at that time, Roderick F. Mollison, filed a Motion to Dismiss the Chapter 7 proceeding. On November 5, 2004, Mr. Zedan withdrew said Motion to Dismiss the Chapter 7 proceeding.

5.      On November 23, 2004, Mr. Zedan filed a Motion to Extend Time to File Objection to Discharge of Debtor and Certain Debts, and on December 3, 2004, this Court entered a Minute Order on said Motion stating that the "[m]otion to extend time for the filing of objections to discharge of the debtor, generally, until Feb. 4, 2005, is granted." Since November 23, 2005, Mr. Zedan has not sought to extend the deadline by which he could object to discharge or dischargeability beyond February 4, 2005.

6.      On December 2, 2004, the first meeting of creditors was held before the Trustee, Ms. Ebner, at 57 West Jefferson Street, Joliet, Illinois. Mr. Habash, his counsel, Jeffrey B. Rose, and Mr. Zedan's counsel, Roderick F. Mollison, attended. During the course of her examination of Mr. Habash, Ms. Ebner requested him to provide her with various documents concerning his business and other assets.

7.      On December 15, 2004, Ms. Ebner filed a Motion of Trustee to Extend Date by Which Objection to Discharge Must be Filed, serving notice of said Motion upon Mr. Mollison, among others, and on January 14, 2005, this Court entered an Order stating that "the Trustee is granted through and including June 30, 2005 to object to the Discharge of the captioned Debtor."

8.      On January 14, 2005 and March 15, 2005, Mr. Habash's attorney, Mr. Rose, delivered various documents to Ms. Ebner in response to her requests for same.

9.      On April 22, 2005, Ms. Ebner filed a Motion to Employ Counsel, seeking to emply Keevan D. Morgan, Konstantiine T. Sparagis and the law firm of Morgan & Bley, Ltd. as

2

000020

her attorneys in the Chapter 7 proceeding, serving notice of said Motion upon Mr. Mollison, among others, and on April 29, 2005, an Order granting said Motion was entered by this Court.

10.    On June 14, 2005, Ms. Ebner filed a Motion to Extend Time Within Which to File Objections to Discharge, serving notice of said Motion upon Mr. Mollison, among others, and on June 24, 2005, this Court entered an Order stating that the "date for filing objections to the Debtor's discharge is extended up to and including September 29, 2005."

11.    On August 5, 2005, Mr. Habash's attorneys delivered various additional documents to Ms. Ebner's attorneys in response to their request for same.

12.    On September 19, 2005, one of Ms. Ebner's attorney's, Mr. Morgan, conducted a Rule 2005 examination of Mr. Habash, at 900 West Jackson, Chicago, Illinois, which examination was also attended by Mr. Habash's attorney, Mr. Rose.

13.    Following said Rule 2005 examination, Ms. Ebner, Mr. Morgan and Mr. Rose engaged in extended negotiations which resulted in an agreement between Mr. Habash and Ms. Ebner whereby Mr. Habash would purchase the non-exempt assets in his bankruptcy estate for the price of $35,000.00, subject to the approval of this Court and competing bids.

14.    On November 23, 2005, Ms. Ebner filed Trustee's Motion for Authority to (A) Sell Assets Outside of Ordinary Course of Business, (B) Establish Sale Procedures, (C) Set Hearing Date on Sale, and (D) Approve Form of Notice Pursuant to 11 U.S.C. §§ 105 and 363, serving notice of said Motion upon Mr. Mollison and Mr. Zedan, among others, and on December 16, 2005, this Court entered an Order approving procedures for said sale of assets, scheduling an auction sale for February 15, 2006 at 9:30 a.m., and a hearing to approve the sale for February 17, 2006.

15.    On January 27, 2006, Maurice J. Salem filed his Appearance in the Chapter 7

000021

3

proceeding on behalf of Mr. Zedan, along with Mr. Zedan's Motion to Postpone the Scheduled February 15, 2006 Auction. In said Motion, Mr. Zedan asserted numerous legal conclusions, absent any factual allegations, that Mr. Habash had "made fraudulent representations" and failed to provide requested documents and answers to various questions, thereby entitling Mr. Zedan to have the sale of assets postponed to enable him to continue his investigations.

16.    On February 8, 2006, this Court denied Mr. Zedan's Motion to Postpone the Scheduled February 15, 2006 Auction, and on February 15, 2006, an auction sale for Mr. Habash's non-exempt assets was held at the offices of Morgan & Bley, Ltd., 900 West Jackson, Chicago, Illinois, at approximately 9:30 a.m. Mr. Habash was the only bidder in attendance at the auction sale and he was, therefore, the successful bidder.

17.    On February 17, 2006, this Court entered an Order Approving Sale of Assets to Mr. Habash and the transaction was subsequently completed with the delivery of the balance of the sale price to Ms. Ebner and the delivery of a Bill of Sale to Mr. Habash.

### Filing of Adversary Proceeding

18.    On April 17, 2006, Mr. Zedan initiated the above entitled adversary proceeding with the filing of an Adversary Complaint (the "Adversary Complaint") repeating most, if not all, of the same legal conclusions as his Motion to Postpone the Scheduled February 15, 2006 Auction which was denied in the Chapter 7 proceeding.

19.    The Adversary Complaint contains four (4) counts, as follows: Count I against Mr. Habash pursuant to Section 727(a) of the United States Bankruptcy Code (the "Bankruptcy Code"); Count II against Mr. Habash pursuant to Section 523(a)(4) of the Bankruptcy Code; Count III against Mrs. Habash for fraudulent transfer pursuant to 740 ILCS 160/6(a); and Count IV against Mr. Habash for misappropriation of corporate assets.

000022

4

20.    Rule 4004(a) of the Federal Rules of Bankruptcy Procedure provides that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under §727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Rule 4004(b) provides that "[o]n motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired."

21.    Rule 4007(c) of the Federal Rules of Bankruptcy Procedure provides that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

22.    As stated in above paragraph 5, the last Order entered by this Court concerning Mr. Zedan's authority to object to Mr. Habash's discharge or the dischargeability of Mr. Habash's debt to Mr. Zedan provided a deadline of February 5, 2005, more than one year and two months prior to the filing of the Adversary Complaint. At no time before or since February 5, 2005, has Mr. Zedan sought to extend his deadline for objection to discharge or dischargeability beyond February 5, 2005.

23.    By reason of the foregoing, the deadline for Mr. Zedan to object to Mr. Habash's Chapter 7 discharge or the dischargeability of Mr. Habash's debt to Mr. Zedan expired on February 5, 2005, more than one year and two months prior to the date he filed the Adversary Complaint.

24.    Mr. Zedan has presented no authority whatsoever entitling him to file an action

000023

for fraudulent conveyance against Mrs. Habash, a non-debtor, or to file an action for misappropriation of corporate assets against Mr. Habash.

25. If Mr. Zedan had authority to file an action against Mrs. Habash for fraudulent conveyance, he would have to allege facts giving rise to such a claim, but he has failed to state any facts whatsoever concerning Mrs. Habash's receipt of property from Mr. Habash for less than fair market value, which is the basis for a claim of fraudulent conveyance.

26. The filing of the Adversary Complaint based on expired rights, repetitions of statements made in a previously denied motion, unauthorized claims, and legal conclusions lacking any factual allegations, amounts to harassment of Mr. and Mrs. Habash in violation of a Chapter 7 Debtor's right to a fresh start and in violation of Rule 9011(b) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein, pray for the entry of an Order as follows:

A. Dismissing the above entitled adversary proceeding with prejudice;

B. Assessing all costs and attorneys' fees incurred by Mr. and Mrs. Habash against NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

C. Enjoining Mr. Zedan from initiating any further motions or actions against Mr. Habash or Mrs. Habash arising from the debt owed by Mr. Habash to Mr. Zedan prior to the filing of Mr. Habash's Chapter 7 bankruptcy proceeding; and

D. For such other and further relief as the Court deems equitable and just.

Respectfully submitted,

BASEM E. HABASH, Debtor and Defendant, and SUSAN HABASH, Defendant

By: ___ /s/ Jeffrey B. Rose ___
Jeffrey B. Rose, One of Their Attorneys

6

000024

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. <u>04 B 32169</u> |
| | ) | Chapter: <u>7</u> |
| BASEM E. HABASH | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 219 |
| ---------------------------------------- )--------------------------------------------------------------- |
| NABIJ ZEDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |
| ---------------------------------------- ) |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1.      The Creditor-Plaintiff, Nabij Zedan, by his attorney, Maurice J. Salem, hereby submits this Memorandum of Law in opposition to defendants' motion to dismiss.

2.      Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rule of Civil Procedure 60 applies to cases under the Bankruptcy Code. In relevant part, Rule 60 permits a party to proceed with an action notwithstanding a final judgment, order, or proceeding that prohibits it in situations where there is:

        (1) mistake, inadvertence, surprise, or excusable neglect;

        (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

        (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

000025

3. Federal Rule of Bankruptcy Procedure 9024 also provides that "a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code." Pursuant to § 727(e) of the Code a complaint to revoke a discharge must be filed within one year of the entry of the discharge." However, in this case a discharge has not been granted for a need to file such motion at this time.

4. Moreover, § 727(d) (1) states in part: On request of ... a creditor ... the court shall revoke a discharge granted under subsection (a) of this section if – (1) such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge." Thus, if one can file an adversary complaint based on fraud one year after discharge, then surely one can file it after a deadline had past, but before a discharge.

5. In *Disch v. Rasmussen* 417 F.3d 769 (7th Cir. 2005), the Seventh Circuit affirmed a lower court's ruling revoking a discharge. It stated that a bankruptcy court has the authority to revoke the discharge under Federal Rule of Bankruptcy Procedure 9024, which applies Fed. R. Civ. P. 60 to bankruptcy proceedings. Fed. R. Civ. P. 60(b) permits the court to vacate an order as a result of fraud.

6. In this case, there is no discharge to revoke; only a September 29, 2005 deadline to file objections had past. However, this deadline was *not* intended to prohibit adversary complaints based on fraud that became known after the deadline past. Plaintiff has a right to file an adversary complaint based on fraud and plead the specific facts which support that support the fraud claim.

2

000026

7.    The adversary complaint was filed to plead the facts that support fraud claim, which were discovered after the deadline. The need for the adversary complaint and the tools that are available in discovery are critical to determine the facts in this case. Nonetheless, sufficient facts have been discovered and pleaded to support a claim based on fraud at this time.

8.    This Court can reserve decision on this motion until discovery is complete and then rule on a motion for summary judgment. However, if this Court requires that a motion be filed before an adversary complaint is pleaded, then let the disposition of this motion serve as *nunc pro tunc*, while at the same time considering the pleaded facts that support the fraud claim in the adversary complaint.

9.    Consequently, a pivotal factual issue for this Court to rule upon is: what did plaintiff Zedan know and when did he know it with respect to the facts pleaded in the adversary complaint that supports the claim of fraud. This is the reason facts needed to be pleaded in an adversary complaint. Moreover, additional evidence will be obtained in discovery that supports the facts pleaded in the adversary complaint and that was not provided to the Trustee's attorney.

10.    In Mr. Zedan's February 2006 motion to postpone the schedule auction he showed some evidence of fraudulent representations by the Debtor Habash, which were recently discovered and most certainly were discovered after the deadline to object. The plaintiff, Mr. Zedan, sought more time to continue the investigation. Since then Mr. Zedan has obtained more determinative evidence, as set forth in the complaint, which show that the Debtor Habash made false and fraudulent representations to this Court, to

3

the Trustee and her attorney.  Based on this evidence, *which was discovered after the deadline to object had past*, plaintiff seeks judicial action.

11.    An example of even more recent evidence is **Exhibit A**, which shows a May 2006 article in a Chicago based Arabic newspaper that states: "thank the businessman Mr. Basem Habash for his generous contribution of supplying substances where he utilized this giving more than 200 families.  We thank him again for his continuous support."  This is bases on an Arabic translation that is shown on the third page of **Exhibit A**.  This transfer of funds was not disclosed in Debtor's petition.

12.    Since Mr. Zedan cannot file a suit in the state court, his only legal means to protect his property is to file an adversary complaint in this Court based on fraud, fraudulent transfer and misappropriated corporate assets.  The deadline that was set by this Court presumed that Debtor Habash made complete disclosure and that he did not commit fraud.  However, the Debtor did not make complete disclosure and the fraud that Debtor committed was discovered after this Court's deadline; under these circumstances plaintiff must be given an opportunity to litigate his fraud claim against the Debtor in this Court; otherwise where can plaintiff possible go to litigate his fraud claim?  The tools available in discovery are what the plaintiff needs.

13.    This Court has the statutory authority to extend the time to file an adversary complaint before a discharge is granted.  This is particularly true for a cause of action based on fraud because its time limitation is not just based on when the fraud was committed, but also when the fraud was learned by the plaintiff.

14.    Since the deadline of September 25, 2005, numerous false statements, undisclosed assets, incomplete disclosure of assets and fraudulent acts by both

4

defendants were discovered by the Trustee, Ms. Ebner and her attorney Morgan & Bley, Ltd. Both the Trustee and her attorney, Mr. Morgan, confirmed this to plaintiff and his current attorney.

15.    A possible legal issue is whether an adversary complaint can be filed before a discharge is granted, but after a court ordered deadline for filing has past, if the facts upon which the adversary complaint were discovered after that deadline past. I believe that Federal Rule of Bankruptcy Procedure 9024 answers that issue in plaintiff's favor because if Rule 9024 provides an opportunity to file an adversary complaint one year after discharge, then surely there should be an opportunity to file before discharge.

16.    On September 19, 2005, during the Rule 2005 examination Debtor Habash made certain claims and statements regarding his assets and liabilities. It was well after September 25, 2005 when the Trustee, her attorney and the plaintiff learned that Debtor's claims and statements regarding his assets and liabilities were false and fraudulent. This is a point that the Trustee and her attorney openly confirmed.

17.    For example, the number of employees working at the Debtor's company was not known until plaintiff's current attorney, who was retained in 2006, inquired about it to the Trustee's attorney. **Exhibit B** is plaintiff's counsel January 24, 2006 letter to the Trustee's attorney. Thereafter, the Trustee's attorney wrote to Debtor's attorney asking about the salary discrepancy for the employees and Debtor's wife. See page four of **Exhibit B**. Also, for the first time, inventory fraud related to the amount of inventory and number of suppliers that the Debtor had have been raised for the first time (see **Exhibit B** page 2) as well as other matters that could be clarified in the discovery stage

5

of this action. These suppliers were not disclosed by Debtor, plaintiff obtained there names and address in January 2006.

18.     Moreover, it was only in 2006 that Debtor's wife revealed she had $35,000 to purchase her Debtor-husband's corporation. This fact alone shows clear fraud in Debtor's disclosure on the amount of salary his wife earned from his corporation and that there was a fraudulent transfer; the evidence for this was discovered in January 2006, while there is more evidence to be discovered such as the Debtor's wife's W-2 form, which Debtor failed to produce to the Trustee's attorney.

19.     Debtor's counsel also confirmed in his motion that plaintiff's counsel sought "to have the sale of assets postponed to enable him to continue his investigation." This is true with respect to the point that this was recently discovered facts. In fact, an element of the fraudulent transfer was committed on February 15, 2006, when the Debtor's wife purchased her husband's assets for $35,000.

20.     Facts regarding the Debtor's wife, Mrs. Habash's, fraud and fraudulent conveyance were alleged in the adversary complaint in paragraphs 4, 5, 6, 11, 23 & 24.

21.     **WHEREFORE**, the Creditor-Plaintiff, Najib Zedan, respectfully request that this Court deny defendants motion to dismiss, together with such other and further relief that this Court deems just and proper.

Dated: Palos Heights, Illinois
       June 23, 2006

                              Respectfully submitted,

                              S/   Maurice J. Salem
                              Attorney for Creditor/Plaintiff
                              7156 W. 127th Street, B-149
                              Palos Heights, IL. 60463
                              Tel.(708) 277-4775
                              Fax (708) 448-4515

6

000030

# EXHIBIT A

000031







2ND YEAR - VOL (2B) FROM 5/15 - 5/30/2006

ox.1207     Tinley Park IL 60477     Tel: 708-289-5656     E-mail : mansourtadros@sbcglobal.net



أظهر المحامي
2006-5-13
عن طريق إن
دمشق بالفاكس
جنب بحث عن
لرئيس الجمهو
للقضاء المصري

القاهرة ـ ا ف ب: قررت النيابة المصرية الجمعة حبس 260 متظاهرا، الذي القبض عليهم الخميس خلال تظاهرات سلمية تضامنا مع القضاة، احتياطيا لمدة 15 يوما بعد ان وجهت اليهم تهما عدة أبرزها اهانة رئيس الجمهورية ، حسبما افادت مصادر قضائية ومحامون.

واكد المحامي من جماعة الاخوان المسلمين ـ مصطفى الميزري ـ لوكالة فرانس برس ان 50 متظاهرا احيلوا الى نيابة امن الدولة (مثلت بموجب قانون الطوارئ) فيما احيل 210 الى نيابة الجلاء (وسط القاهرة) وحبسوا 15 يوما بعد ان وجهت اليهم تهمة اهانة رئيس الجمهورية وتكدير الامن العام واثارة الشعب.







EXHIBIT
A

Jackie Magayreh
www.sherlockscarpat.com

للحصول على اجود الخدمات
العقارية لابناء الجالية العربية

الحمود

21

Jewelers

To order a free Catalogue



آتجي ملابس العرايس ترحب بابناء الجالية
العربية وتقدم لهم افضل الخدمات
لاخ الحجم
مع تخفيضات خاصة
الاسعار تناسب الجديد



**بوش ينهي ولاية غو**
تركز اهتمام الصحف الأم
على مدير CIA غوص لم
الحقاقي السلام في دارفور
قوات حفظ السلام في تلك



**إستراتيجية التحرك في**
في من الفشل المحلي على ا
فرى 14 آذار بدأ أنه يبدأ نفذ
رما أقسمته محمد لابث بور ر
لبنانيين، وتطرفت لملف ر



**تعديل بلير الوزاري الها**
بلير يتحول إلى جزار بعد
اليمني، أو الوزيمة الانفذ
بهذا التنبئين في الأنماط والز
البريطانية لمجرء سيطرت ء
وسلام دارفور.



**مونسلينجر؛ أفغانستا**
تحدث الجنرال كريستوف
لقوات الأمن الدولية (إير
الألمانية لمجرء يحدم تشابه
تزايد الاعتداءات في افحة

**بحريني في غوانتانام**
كانت صحيفة الخليج الاث
في معسكر غوانتانمو
حضرتها، واضافت ان
يدافعون عن البحرينير ت

---

**ساعدوا اطفال فلسطين**

**لنعطي صوتا لمن ليس لهم صوت**

مركز جمعية فريق القاتيكان في مدينة بيت لحم ومركز وبام لحل النزاعات

تقوم السيدة جيرمانا نجمو وهي تعمل مع هذه الجمعيات باعمال جليلة
وعديدة وهي الآن تقوم برحلة الى بيت لحم لمساعدة الاطفال والشباب
والشابات خاصة في المخيم لشراء الكتب والدفاتر وكرات القدم والعاب لتسلية
الاطفال والشباب لشغل اوقاتهم ووضع الابتسامة على وجوههم والآمال في
قلوبهم وتساعدهم كاطفال في تحمل الضغوط النفسية اليومية في ظل
الاحتلال .

نحن في هذه الجريدة نعرف هذه السيدة والجمعيات الخيرية العالمية معرفة
جيدة ونشكرهم على اعمالهم الانسانية
نريد مساعدة هذه الجمعيات لشراء بعض هذه اللوازم لاطفال فلسطين وشكرا
للمتبرعين سلفا.

الرجاء ارسال التبرعات الى الحسابات التالية:
Wi'am Center For Conflict Resolution
Account No. 3311003645 Jordan National Bank
Bethlehem Branch - Bethlehem

---

**رئيس وأعضاء مركز اصدقاء السلط**

يشكرون رجل الاعمال باسم حبش على تبرعه السخي
من مواد تموينية حيث استفاد من هذا العطاء اكثر من ٢٠٠ عائلة
نكرر شكرنا لدعمه المتواصل

الناطق الاعلامي
جلال طعامنه



# AMERITAX
Accounting & Translation
7213 W. 84th St, Bridgeview, IL 60455
Tel (708)233-4848  Fax (708)233-4888

### The President and Members of Al-salt Friends Center
### Chicago, Illinois

Thank the businessman **Mr. Basem Habash** for his generous contribution of
the supplying substances where he utilized this giving more than 200
families.

We thank him again for his continuous support.

The Information Center
Jalal Taamneh

P.S The above ad was published in the semimonthly newspaper The Future, volume number 28
published on 05/15/2006.



OFFICIAL SEAL
WISSAM A. MASHLAMOUH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-20-2009

I, the undersigned certify that, I am conversant in the
Arabic and English language, and that the above
translation, made by me is to the best of my knowledge
and belief, a correct translation, of the document from the
arabic a correct translation, of the document from the
Arabic into the English.

Date                    Signature

# EXHIBIT B

000035

## *Salem Law Office*
7156 West 127th Street, B-119
Palos Heights, IL, 60463
Tel. (708) 277-4775
Fax (708) 448-4515
salemlaw@comcast.net

January 24, 2006

Morgan & Bley, Ltd..
Konstantine T. Sparagis.
Attorney for U.S. Trustee Deborah K. Ebner
900 West Jackson Blvd., Suite 4 East
Chicago, IL, 60607
Tel 312-243-0006
Fax 312-243-0009

RE:    In re: Habash, Debtor Chapter 7, Case No. 04 B 32169

Dear Mr. Sparagis:

As you know I represent a creditor in the above referenced case, Najib Zeidan.
Last week we brought to your attention a number of issues with respect to the above case.
The following is my analysis of the information provided from the file in this case.

1.    The first deals with the Debtor's father who died last year and left his inheritance
to his children. Although the legal requirement in Jordan is that "two women inherit as
much as one man," unfortunately the actual custom and practice is that only the males
inherit the major portion of their parents' fortune, including all land, all buildings and
bank accounts; this is well known and should not be disputed. The Debtor claimed in his
September 19, 2005 Depositions that he did not inherit anything from his father; we
agreed that he must disclose certain information in an affidavit such as the following:

   1.  List all the bank accounts in Debtor father's name at the time of death and within
       five years prior to his death;

   2.  List all real property that Debtor's father owns or owned within the 5 years prior
       to his death;

   3.  A list of all other assets, including but not limited to, gold, cash on hand,
       furniture, businesses and any debts owed to his father;

   4.  The name of all individuals who took any of Debtor's father assets through
       inheritance or within 5 years prior to death;



EXHIBIT
*B*

000036

5.  Whether the Debtor took any of his father's assets, directly or indirectly from his father or from anyone who took from his father's assets after the death and within five years prior to the death.

**II.**   Debtor's unreported bank account.  From a confidential source at the Bank of Jordan, or the Jordanian Bank, we received information that Debtor, Basem Habash, has an account at this Bank.  In the same affidavit he should state whether he has or ever had a bank account at the Jordanian Bank, in Jordan, or any bank account in any other bank in the world.

**III.A**   The Debtor owns two corporations from which he generated money.  The corporation in Nashville, Tenn., Baraka Bakery was sold and Debtor holds a note that is not being satisfied.  My client is considering whether to purchase this note.  My client is looking into the matter and requires more information on this business to make a decision.  My Client needs to know the typical financial information that any purchaser would require.

**III.B**   The Illinois Corporation, Habash Trading Inc., which is to be sold at an auction set for February 15, 2006, has not been properly disclosed.  Mr. Morgan questioned the Debtor about the inventory or any supplies he received and the Debtor used Exhibit #3 of his Depositions to answer the questions.  Exhibit #2 is a self serving document created solely by the Debtor.

My Client needs to know the typical financial information about this Illinois Corporation that any purchaser would require; otherwise the auction must be postponed. However, there are several other reasons to postpone the scheduled auction in this case. It is difficult to believe, as shown on Exhibit # 3 of Debtor's Depositions, that a business which sells 2.3 Million dollars per year only makes $9,115 profit.  Nonetheless, there are several fraudulent claims made in Debtor's bankruptcy petition and depositions.

#### FRAUD #1, Inventory

The Illinois Department of Revenue caught many businesses cheating on their sales tax by issuing subpoenas to all of their suppliers.  The invoice from the suppliers reveals the amount of inventory purchased.  The sale of this inventory, together with the markup, shows how much money was made and thus, the correct sales tax that should have been paid.

In this case, it has come to our attention that Habash Trading Inc. has previously generated large income and savings that the Debtor did not report.  A list of all suppliers, their address and telephone numbers must be demanded from the Debtor.  The list that Debtor provides should be compared with the following confidential list of suppliers to Habash Trading Inc.  These suppliers must receive a subpoena requesting a copy of all invoices within the past three years:

Baroody Imports

2

000037

1500 B. Main Avenue
Clifton, NJ 07011
Tel 973-340-4832
Fax 973-340-5193

Gino Inc.
20224 John R. Road
Detroit, MI. 48203
Tel 313-368-3840

H & A Whole sale
1330 Industrial
Dearborn, MI 48120
Tel 313-729-2121

Kradjian Importing Co.
5018 San Fernando Road
Glendale, CA. 91204
Tel. 818-502-1313
Fax 818-502-0546

Middle East Treasures Import
603 Washington Road, Building 9, Ste. B
South Amboy, NJ 08879
Tel 732-225-2444
Fax 732-225-0655

RHEF Inc.
20237 John R Road
Detroit, MI. 48203
Tel. 313-893-3340

Trans Mideast
2123 El Bridge Rd. West
Brooklyn, NY
Tel. 718-492-8546
Fax 718-492-8500

TUT's International
4900 Stecker Avenue
Dearborn, MI. 48126
Tel 313-582-9100
Fax 313-582-9800

Delta Trading
Brooklyn, NY

3

000038

Tel 718-439-8283

Dolan Date Co.
Arizona
Tel 928-344-2961

Golden West Almond
California
Tel 209-599-6193

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

     If the amount of supplies or inventory purchased, together with the markup, is greater than reported, then that excess amount is all unreported profit. A demand for a list of all purchasers in the US must be made and their invoices or records of purchases should be subpoenaed. The following companies are major purchasers from Habash Trading Inc.:

Abu Ahamad
311 Main City Market
Kansas City MO. 64105
Tel. (816) 421-6727

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

### Fraud #2. Salaries

     First, the Debtor and his wife did not produce their individual W-2 forms. Schedule I shows the Debtor earning $55,580 for 2004 year. Exhibit #8 shows a 2003 a joint tax return with his wife where they earned $51,593. If it is true that Debtor in that the Debtor and his wife earn approximately $55,000 per year, and given the expense shown on Schedule J, $54,408, then how can his wife save $38,500 to make a bid?

     Second, pursuant to Exhibit #3, the total salary paid by Habash Trading Inc. in 2004 to all its employees was "$73,500." Thus, 73,500 - 55,580 = $17,920. This means that, excluding Debtor and his wife's salary, all other employees' yearly salary is $17,920. It is undisputed that Habash Trading has at least five (5) employees, which include: the driver, two sales clerks, purchase manager and one or two stock boys. It would be far below minimum wage to pay at least five people $17,920 per year.

4

IV.    The house in Salt Jordan for sale. My Client does not believe the $15,000 is its true value. If you do not request a bone fide appraisal and clear up this matter, then my Client is very interested in making a bid for this house. If such appraisal is not available before the auction, then this would constitute another reason to postpone the auction.

Your cooperation in this matter will be appreciated. Please inform me whether the auction will be postponed. You can reach me on my cell phone (708) 277-4775. Thank you.

Very truly yours,

Maurice J. Salem, Esq.

5

000040

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )    Chapter 7
                                          )
BASEM E. HABASH,                          )    No. 04 B 32169
                                          )
                          Debtor,         )    Hon. Bruce W. Black
                                          )
_____     )
                                          )
NAJIB ZEDAN,                              )
                          Plaintiff,      )
                                          )
            v.                            )    Adv. No. 06-01021
                                          )
BASEM E. HABASH and                       )
SUSAN HABASH,                             )
                                          )
                          Defendants.     )

## REPLY IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING

BASEM E. HABASH, Debtor and Defendant herein ("Basem" or "Mr. Habash"), and

SUSAN HABASH, Defendant herein ("Susan" or "Mrs. Habash"), by their attorney, Jeffrey B.

Rose, of Tishler & Wald, Ltd., for their Reply in Support of their Motion to Dismiss Adversary

Proceeding, state as follows:

### Background

1.      In Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to

Dismiss (the "Memorandum"), NAJIB ZEDAN, Plaintiff herein ("Zedan"), contends that Rule

9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizes him to

file an adversary complaint objecting to the Debtor's discharge under §727(a) of the United

States Bankruptcy Code (the "Code"), despite the clear provision of Rule 4004(a) that "[i]n a

chapter 7 liquidation case a complaint objecting to the debtor's discharge under §727(a) of the

Code shall be filed no later than 60 days after the first date set for the meeting of creditors under

§341(a)." Ignoring Rule 4004, Mr. Zedan argues without any authority whatsoever, and despite the fact that Mr. Habash has yet to receive a discharge, that the standard for revoking a discharge should be applied to his adversary complaint objecting to the discharge of the debtor.

     2.    The standard for revoking a discharge is stated in §727(d) of the Code, and Mr. Zedan is relying on the provision of §727(d)(1) that the court shall revoke a discharge "if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

     3.    Throughout his Memorandum, Mr. Zedan repeatedly states that Mr. Habash committed a fraud which Mr. Zedan did not discover prior to the deadline for filing a complaint objecting to discharge. At a minimum, this contention does not meet the standard of §727(d)(1), which requires that the requesting party did not know of such fraud until after the granting of a discharge. Since Mr. Habash has yet to receive his discharge, it is impossible for Mr. Zedan to claim that the so-called fraud was not discovered until after the granting of the discharge.

     4.    Another error which is repeated throughout Mr. Zedan's Memorandum is the assertion that his deadline for filing a complaint objecting to discharge was September 29, 2005. On the contrary, the September 29, 2005 deadline applied to the Trustee only. It is clear from paragraph 5 of Mr. Habash's Motion to Dismiss Adversary Proceeding, and the Court Docket in the main bankruptcy proceeding, that the deadline for Mr. Zedan to file such a complaint was February 5, 2005.

     5.    Even assuming that Mr. Zedan was still entitled to contest Mr. Habash's discharge on the basis of fraud, he has failed in either his Memorandum or Adversary Complaint to state the circumstances constituting fraud "with particularity," as required by Bankruptcy Rule 7009,

000042

which incorporates Rule 9 of the Federal Rules of Civil Procedure to adversary proceedings in
bankruptcy.

6.       Every single allegation of fraud against Mr. Habash is stated by Mr. Zedan with
vague references and innuendo.  Not one of these allegations contains facts sufficient to state a
claim for fraud.  Instead, he merely restates the same allegations contained in the Motion to
Postpone the Scheduled February 15, 2006 Auction, which Motion was denied by this Court on
February 8, 2006.  He argues that he must conduct discovery in order to obtain sufficient facts to
state a fraud claim, although he failed to participate in the Trustee's Rule 2004 Examination of
Mr. Habash on September 19, 2005, and he further failed to conduct his own discovery against
Mr. Habash at any time during the pendency of the main bankruptcy proceeding, which was
originally filed on August 30, 2004.

7.       Attached to the Memorandum are two exhibits which bear no relevance to any of
Mr. Zedan's claims against Mr. or Mrs. Habash.  Exhibit A is an undated thank you letter to Mr.
Habash, apparently published on May 15, 2006, from an organization to which he donated some
type of supplies to the Al-salt Friends Center of Chicago.  Exhibit B is a copy of a letter he wrote
to the Trustee's attorney in late January, 2006 containing numerous unsupported allegations of
the same type as he raised in his Motion to Postpone the Scheduled February 15, 2006 Auction,
his Adversary Complaint, and his Memorandum.  Among other such allegations, the Exhibit B
letter raised a question concerning the salaries of the employees of Mr. Habash's business which
the Trustee's attorneys passed on to Mr. Habash's attorneys.  In response, Mr. Habash's attorney,
Jeffrey B. Rose, clarified the relevant facts by letter dated February 3, 2006 to one of the
Trustee's attorneys, Konstantine T. Sparagis, a copy of which is attached hereto, marked

000043

"Exhibit A" and made a part hereof. Apparently satisfied, neither the Trustee nor her attorneys raised the issue concerning the employee's salaries again.

8.    Throughout the Adversary Complaint and the Memorandum are allegations that Mrs. Habash must have engaged in fraud because it has never been explained where she obtained funds to purchase the assets of Mr. Habash which were sold by auction by the Trustee. Contrary to such innuendo, however, Mr. Habash purchased those assets himself, as stated in the Order Approving Sale of Assets to Basem Habash, which was entered by this Court on February 17, 2006. Mr. Habash may have borrowed the funds to purchase the assets, but he has never disclosed the identity of the lender, and he has never been required to do so. A creditor cannot assume fraud from the mere fact that a bankruptcy debtor obtained funds to purchase the assets in his bankruptcy estate 18 months after the filing of his bankruptcy petition.

9.    Another continuously repeated fallacy appearing throughout Mr. Zedan's Motion to Postpone the Scheduled February 15, 2006 Auction, Adversary Complaint and Memorandum is the allegation that he failed to answer all of the questions he was asked and to provide all of the documents he was requested to produce. Nothing could be further from the truth. Mr. Habash attended the Rule 2004 Exam conducted by the Trustee on September 19, 2005, answered all of the Trustee's attorney's questions and produced all of the documents requested. The fact that the Trustee's attorney did not ask all of the questions, or request all of the documents, which Mr. Zedan's attorneys wanted him to ask and request, is irrelevant. The Trustee was under no obligation to do so, and Mr. Zedan's attorney could have attended the Rule 2005 Exam, or conduct one himself, but he failed to do so. Mr. Zedan appears to think that such failings are also the fault of the Debtor.

4

000044

10.     As stated in Mr. Habash's Motion to Dismiss Adversary Proceeding and as further demonstrated above, the Adversary Complaint filed by Mr. Zedan is based on expired rights, repetitions of statements made in a previously denied motion, unauthorized claims, and legal conclusions lacking any factual allegations, amounting to harassment of Mr. and Mrs. Habash in violation of a Chapter 7 Debtor's right to a fresh start and in violation of Rule 9011(b) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein, pray for the entry of an Order as follows:

A.     Dismissing the above entitled adversary proceeding with prejudice;

B.     Assessing all costs and attorneys' fees incurred by Mr. and Mrs. Habash against NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

C.     Enjoining Mr. Zedan from initiating any further motions or actions against Mr. Habash or Mrs. Habash arising from the debt owed by Mr. Habash to Mr. Zedan prior to the filing of Mr. Habash's Chapter 7 bankruptcy proceeding; and

D.     For such other and further relief as the Court deems equitable and just.

Respectfully submitted,

BASEM E. HABASH, Debtor and Defendant, and SUSAN HABASH, Defendant

By:_____/s/ Jeffrey B. Rose_____
       Jeffrey B. Rose, One of Their Attorneys

Jeffrey B. Rose
Attorney for Debtor and Defendants
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 876-3800

000045

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) No. 04 B 32169 |
| BASEM E. HABASH, | ) |
| | ) Joliet, Illinois |
| | ) July 7, 2006 |
| Debtor. | ) 9:30 a.m. |

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE BRUCE W. BLACK

APPEARANCES:

MR. JEFFREY B. ROSE
on behalf of the movant and debtor;

MR. MAURICE J. SALEM
on behalf of the plaintiff.

000046

2

1          THE CLERK:  Zedan versus Habash, et al.

2          MR. ROSE:  Good morning, Your Honor,

3    Jeffrey Rose on behalf of the movant and debtor

4    Basem Habash.

5          MR. SALEM:  Good morning, Your Honor,

6    Maurice Salem on behalf of plaintiff.

7          THE COURT:  All right, gentlemen, I've read

8    the briefs.  Either of you have further argument to

9    make covering things not in the written documents?

10          MR. SALEM:  Yes, Your Honor.  I have a

11    response to opposing counsel's reply.

12          THE COURT:  All right.

13          MR. SALEM:  May I proceed?

14          THE COURT:  You may.

15          MR. SALEM:  Your Honor, in the reply

16    opposing counsel cites Section 727(d)(1) and he says

17    that that's not applicable because the debtor --

18    it's only applicable when the debtor did not know

19    about the fraud until after granting the discharge.

20    Your Honor, my contention is that this section of

21    law presumes that the debtor did not know about the

22    fraud prior to the discharge.  In all the commentary

23    and case law, it's very clear that this statute was

24    enacted to protect -- excuse me, the creditors after

25    the discharge is granted.  So that opposing          000047

3

1    counsel's interpretation of this section is

2    completely wrong and not applicable.

3              In other words, it's very -- common

4    sense will tell you that this section will not

5    prohibit a creditor from commencing an adversary

6    proceeding when they discover the fraud and that's

7    prior to the discharge.

8              With respect to Bankruptcy Rule 7009,

9    which is like opposing counsel says, which is --

10   comparable to Rule 9, well, if the particularities

11   of the fraud is not pleaded and there's a liberal

12   standard in allowing amended complaints, but I don't

13   think that's applicable in this case, Your Honor,

14   particularly, when we're seeking discovery.

15             Now, with respect to Exhibit A to my

16   memorandum in opposition, which shows that the

17   debtor contributed generously to 200 families, Your

18   Honor, now, assuming that each family received at

19   least $10, and I contend that $10 is less than

20   generous, that would mean there was $2,000 that was

21   transferred.  Now, opposing counsel says -- implies

22   that this is not dated so there's no date when these

23   funds were transferred.  But, Your Honor, the

24   exhibit has the date right on it on the first page.

25   It was last May, and even opposing counsel cites, in 048

4

1   his brief the May date when the funds were
2   transferred.
3                   Now, with respect to my Exhibit B,
4   Your Honor, the purpose of my Exhibit B is to show
5   this court when the fraud was discovered.  It was
6   discovered when I took over this case in January and
7   wanted to inquire as to how many employees were at
8   this company, and the number of supplies and
9   inventories coming in.  And that's when I
10  approached, Your Honor, the attorney for the trustee
11  in this case.  Your Honor, I could say to this Court
12  what I'm going to say -- part of what's communicated
13  to me wasn't apparent.  It was clear and direct.  He
14  was absolutely not satisfied with the debtor's
15  counsel's explanations.  And he made it very clear
16  to me that fraud was blatant, but he was frustrated
17  that he couldn't do anything about it.  And that's
18  what he communicated to me.  And unlike opposing
19  counsel who says that the trustee's attorney was
20  satisfied, apparently satisfied.  I'm saying
21  actually he wasn't.
22                  Now, what's in the reply, opposing
23  counsel says that Mr. Habash, the debtor, may have
24  borrowed funds to purchase his assets, Your Honor.
25  Your Honor, that speaks volumes.  If he had to 000049

5

1    borrow funds, then how can you explain the charity

2    to 200 families.  How could you explain the salary

3    discrepancies?  How could you explain the inventory

4    not being given and all this list of suppliers.

5    Your Honor, there is absolutely no logical way that

6    opposing counsel can explain how five employees of a

7    company and plus the wife, that's six, can receive

8    $17,000 a year.  That's less than $3,000 a year per

9    full-time employee.  It's just -- I mean, that's the

10   frustration that I was suffering when I took over,

11   but also the counsel for the trustee as well.

12            Now, opposing counsel wants this court

13   to believe that they produced all of the documents

14   and that the trustee's attorney was apparently

15   satisfied.  No, Your Honor, that's absolutely not

16   the case.  Documents, such as the list of suppliers,

17   the inventory that was given, the W2 forms for the

18   employees, two bank accounts in Jordan, the

19   inheritance, oh, the list goes on, Your Honor.  Now

20   opposing counsel says, well the creditor had an

21   opportunity to do discovery while the case was

22   pending.  Well, if the creditor had the opportunity

23   to fully litigate this, then there would be no need

24   for adversary complaints.  All adversary complaints

25   would be rendered moot based on opposing counsel's

000050

6

1    argument.

2              Now, with respect to opposing

3    counsel's attacks on the facts that the fraud, the

4    facts supporting the fraud are weak, Your Honor, I

5    contend that's a proper argument to make, but the

6    proper place to make it procedurally is in a motion

7    for summary judgment when the creditor had an

8    opportunity to thoroughly go through discovery.

9              So this leads us, Your Honor, to the

10   only other legal issue.  Other than the Section

11   727(d)(1), the only other legal issue before this

12   Court is whether a deadline to file objections

13   applies to adversary proceedings based on newly

14   discovered fraud.  My contention, Your Honor, is

15   that it doesn't.  And that's the only other legal

16   issue that I see in this case, Your Honor.  Thank

17   you.

18             THE COURT:  And your basis for stating that

19   last issue in your favor is the California case?

20             MR. SALEM:  Well, Your Honor, yeah, I

21   believe you're right, Your Honor.  But also my basis

22   is Rule 9024.  If you're given an opportunity to

23   file the adversary after discharge, surely you're

24   allowed to do it before.  And, Your Honor, the

25   purpose of filing the adversary complaint is to put

7

1    the facts in front of this Court so that the Court
2    can see it, Your Honor.  And, quite honestly, for
3    judicial economy opposing counsel, once he sees that
4    there's newly discovered fraud, he should have
5    refrained from filing this motion, proceeded to
6    discovery and then doing motions for summary
7    judgment, he can attack the sufficiency of the
8    facts.  And that's the proper place to make a
9    motion.  This motion that he made and my contention
10   is -- and it should not have been done especially
11   because the fraud is so overwhelming, Your Honor.  I
12   mean, contributing to 200 families generously is
13   something that was not disclosed.  And plus, making
14   the statement that debtor borrowed funds to purchase
15   assets it's outrageous, Your Honor.  I mean, I've
16   never heard of bankruptcy -- if that's the case,
17   it's really very simple.  In one or two lines he
18   could have stated where did he borrow the money
19   from?  Who would possibly lend $35,000 to a Chapter
20   7 bankruptcy individual?  And also, Your Honor, if
21   opposing counsel is contending that the funds that
22   were transferred to charities was at a different
23   date, then give us that date.  Let's have everything
24   in front of us.  Let's look at it.  And that's the
25   purpose for the adversary complaint, to proceed to

8

1    discovery.  And I will happily engage in a motion

2    for summary judgment and contest the facts in this

3    case, Your Honor.

4              THE COURT:  Mr. Rose?

5              MR. ROSE:  Your Honor, I think -- first of

6    all, this is a case brought under 727 and 523 to

7    object to discharge and dischargeability.  The time

8    for filing such an objection expired in February of

9    '05.  Debtor was represented by counsel throughout

10   these proceedings.  Prior to Mr. Salem he had Rodney

11   Malison who had filed an appearance.  He

12   participated in the original 341 meeting.  The

13   clients -- the debtor declined then through counsel

14   to conduct his own 2004 exam.  He did not come to

15   the 2004 exam which was conducted by counsel for the

16   trustee.  The same allegations he brought were the

17   ones he brought in his motion trying to stop the

18   auction from taking place last February.  The only

19   new allegation I saw was this business about the

20   client, and it's not clear whether it was him

21   individually or his business, contributing what

22   looked to be some product in May of '06.  After all

23   of this has occurred -- I mean, this is an August

24   '04 filing, Your Honor.  We have a disgruntled

25   creditor who's unhappy with the result.  He had 000053

9

1    ample time to conduct discovery.  None of these

2    allegations -- first of all, they're all just a

3    bunch of innuendo.  I don't really see any type of

4    facts here regarding fraud whatsoever.  I think

5    bringing the objection to discharge and

6    dischargeability and then trying to use the standard

7    for objecting to discharge before a discharge has

8    even been granted when none of this is newly

9    discovered, I think is sanctionable, Your Honor.

10          THE COURT:  Well, I'm not convinced that

11   it's sanctionable, but I am convinced that it

12   failed.  The time limits expired in February of '05

13   and there's no reason that they should be extended,

14   changing attorneys doesn't mean you get to started

15   over again.  So the motion to dismiss is granted.

16          MR. SALEM:  Thank you, Your Honor.

17          MR. ROSE:  Does Your Honor want me to mark

18   up the draft order I have attached it to the motion?

19                Obviously there's some material that

20   you wish to strike.

21          THE COURT:  I'll strike the second and

22   third paragraphs and simply dismiss with prejudice.

23          MR. ROSE:  Thank you, Your Honor.

24                        (Which were all the proceedings
                          had in the above-entitled cause,
25                        July 7, 2006.)           000054

10

1    I, FRANCES N. DELIA, CSR, DO HEREBY
CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE
2 TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-ENTITLED
CAUSE.
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

000055