**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **BASEM E. HABASH,** | ) | |
| | ) | |
| Debtor. | ) | |
| —————————————————— | ) ————————————————— | |
| | ) | |
| **NAJIB ZEDAN,** | ) | |
| Plaintiff-Appellant, | ) | **No. 08 cv 00120** |
| | ) | |
| v. | ) | **Hon. William J. Hibbler** |
| | ) | (On Appeal from the United |
| **BASEM E. HABASH and** | ) | States Bankruptcy Court for |
| **SUSAN HABASH,** | ) | the Northern District of Illinois |
| | ) | Eastern Division, Case No. |
| | ) | 04-32169, Adv. No. 06-01021) |
| Defendants-Appellees. | ) | |

**<u>MOTION TO DISMISS</u>**

BASEM E. HABASH and SUSAN HABASH, Defendants-Appellees herein
(collectively, "Habash"), by their attorney, Jeffrey B. Rose, of Tishler & Wald, Ltd.,
moves this Honorable Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure, to dismiss the above entitled action for the reason that this Court lacks subject
matter jurisdiction over the claim stated by NAJIB ZEDAN, Plaintiff-Appellant herein
("Zedan"). In support of this Motion, Mr. and Ms. Habash state as follows:

1.     On August 30, 2004, Mr. Habash initiated the above entitled Chapter 7
bankruptcy proceeding by filing a voluntary petition, schedules and statement of affairs.

2.     On April 17, 2006, Mr. Zedan initiated a bankruptcy court adversary
proceeding (the "Adversary Proceeding") that is the subject of this appeal with the filing of

a four-count adversary complaint (the "Adversary Complaint") in the Bankruptcy Court objecting to the Chapter 7 bankruptcy discharge of Mr. Habash pursuant to 11 U.S.C. §727(a), requesting a determination of nondischargeability with respect to Mr. Habash's debt to Mr. Zedan pursuant to 11 U.S.C. §523(a)(4), asserting that Mr. Habash fraudulently transferred his property to his non-debtor wife, Ms. Habash, pursuant to 740 ILCS 160/6(a), and further asserting that Mr. Habash misappropriated the corporate assets of his business. A copy of the Adversary Complaint is attached hereto, marked "Exhibit A" and made a part hereof.

2.      On July 7, 2006, the Bankruptcy Court entered an order (the "Order of Dismissal"), pursuant to Mr. and Ms. Habash's motion, dismissing the Adversary Proceeding with prejudice. A copy of the Order of Dismissal is attached hereto, marked "Exhibit B" and made a part hereof.

3.      On July 11, 2006, Mr. Zedan initiated an appeal from the dismissal of the Adversary Proceeding to the District Court by the filing of a Notice of Appeal in the Adversary Proceeding, a copy of which is attached hereto, marked "Exhibit C" and made a part hereof.

4.      On January 9, 2007, the District Court entered a Memorandum Opinion and Order, and a Judgment in a Civil Case, copies of which are attached hereto, marked "Exhibit D" and "Exhibit E," respectively, and made a part hereof, affirming the dismissal of the Adversary Proceeding and the judgment of the Bankruptcy Court.

5.      On February 8, 2007, Mr. Zedan initiated an appeal from the decision of the District Court to the Seventh Circuit Court of Appeals by the filing of a Notice of Appeal

in the District Court, a copy of which is attached hereto, marked "Exhibit F" and made a part hereof.

      6.     Following the filing of briefs in the Court of Appeals, the parties engaged in an oral argument before the Court of Appeals on November 8, 2007, in the case identified as Appeal Docket No. 07-1286.

      7.     Following the oral argument in the Court of Appeals, the Court of Appeals issued an Order, a copy of which is attached hereto, marked "Exhibit G" and made a part hereof, requesting the parties to file "supplemental memoranda addressing whether rejecting a single potential objection to discharge is a final order immediately reviewable by the Court of Appeals even though the bankruptcy judge has yet to decide whether the debtor will be discharged. The memoranda also should inform the court about the current status of the bankruptcy."

      8.     The parties filed Supplemental Memoranda in the Court of Appeals on November 19, 2007, but the Court of Appeals has not yet ruled on Mr. Zedan's appeal.

      9.     On November 21, 2007, the Bankruptcy Court entered a Discharge of Debtor, a copy of which is attached hereto, marked ""Exhibit H" and made a part hereof.

      10.    On November 27, 2007, Mr. Zedan initiated the instant proceeding by the filing of another Notice of Appeal in the Bankruptcy Court, a copy of which is attached hereto, marked "Exhibit I" and made a part hereof, appealing from the entry of the Discharge of Debtor and the granting of "defendants' motion to dismiss plaintiff's adversary complaint on the 7th day of July, 2006."

11.     By reason of the foregoing, the jurisdiction over all issues relating to the discharge of Mr. Habash, including the Adversary Complaint which sought to prevent his discharge, and the eventual issuance of the Discharge of Debtor, is with the Seventh Circuit Court of Appeals, and this Court has no current jurisdiction over these matters whatsoever.

WHEREFORE, BASEM E. HABASH and SUSAN HABASH, Defendants-Appellees herein, pray this Honorable Court for the entry of an Order dismissing the above entitled action with prejudice and assessing all costs against NAJIB ZEDAN, Plaintiff-Appellant herein.

Respectfully submitted,

BASEM HABASH and SUSAN HABASH, Defendants-Appellees

By:     *Jeffrey B. Rose*
        Jeffrey B. Rose,
        One of Their Attorneys

Jeffrey B. Rose
Attorney for Defendants-Appellees
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 876-3800

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. <u>04 b 32169</u> |
| | Chapter: 7 |
| BASEM E. HABASH | |
| | Judge: Bruce W. Black |
| Debtor. | Courtroom 615 |
| ------------------------------------------- | |
| NABIJ ZEDAN, | |
| Plaintiff, | |
| v. | |
| | |
| BASEM E. HABASH and | |
| SUSAN HABASH, | |
| Defendants. | |
| ------------------------------------------- | |

## ADVERSARY COMPLAINT

1.  The Creditor-Plaintiff, Nabij Zedan, by his attorney, Maurice J. Salem,

represents and states as follows:

### Nature of the Complaint

2.  This action is based on 11 U.S.C. § 727(a) and 11 U.S.C. § 523(a)(4) and

noncore related Counts of fraudulent transfer under Illinois law, 740 ILCS 160/6(a), and

misappropriation of corporate assets under Illinois law.

### Jurisdiction

3.  This Court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 727(a) and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois.  This is a core proceeding.

### Statement of Facts



**Salaries Fraud**

4.    <u>First</u>, pursuant to <u>Exhibit #3</u>, to the Debtor's September 19, 2005 Depositions, the total salary paid by Habash Trading Inc., in 2004, to all its employees was "$73,500." Schedule I to Debtor's bankruptcy petition shows the Debtor earning $55,580 for 2004 year. <u>Exhibit #8,</u> to the Debtor's September 19, 2005 Depositions, shows a 2003 a joint tax return with his wife, defendant Susan Habash, where they earned $51,593.

5.    If the Debtor and his wife earned $55,580 in 2004, then the total salary to all other employees of Habash Trading Inc. would be: $73,500 − $55,580 = $17,920. This means that, excluding Debtor and his wife's salary, all other employees' yearly salary is $17,920. It is undisputed that Habash Trading Inc. has at least five (5) employees, which include: the driver, two sales clerks, purchase manager and one or two stock boys. It is clearly fraud for the Debtor to represent that at least five employees earn a total of $17,920 per year.

6.    <u>Second</u>, the Debtor and his wife did not produce their individual W-2 forms. Schedule I to Debtor's bankruptcy petition shows the Debtor earning $55,580 for 2004 year. <u>Exhibit #8,</u> to the Debtor's September 19, 2005 Depositions, shows a 2003 a joint tax return with his wife where they earned $51,593. If it is true that Debtor and his wife earn approximately $55,000 per year, and given the expenses shown on Schedule J, $54,408, then how can his wife save $38,500 to bid this amount in the February 15, 2006 auction of Debtor's property?

7.    The Debtor owns two corporations from which he generated money. The corporation in Nashville, Tenn., Baraka Bakery was sold and Habash Trading Inc. holds

2

a note that is not being satisfied. The Debtor has failed to disclose any useful information other then name and address and hinder the attempts by the creditors to determine the assets in the Nashville Corporation.

**Corporation Fraud**

8.     The Illinois Corporation, Habash Trading Inc., which was sold at an auction on February 15, 2006, has not been properly disclosed. The Trustee's attorney, Mr. Morgan, questioned the Debtor about the inventory he received and the Debtor used Exhibit #2 of his Depositions to answer the questions. Exhibit #2 is a self serving document created solely by the Debtor.

9.     Debtor made false statements and hindered disclosure of property value at auction in that, as shown on Exhibit # 3 of Debtor's Depositions, Habash Trading Inc., which sells 2.3 Million dollars per year, only makes $9,115 profit per year. Nonetheless, there is a clear fraudulent claims made by the Debtor with respect to his inventory.


**Inventory Fraud**

10.    The Illinois Department of Revenue caught many businesses cheating on their sales tax by issuing subpoenas to all of their suppliers. The invoice from the suppliers reveals the amount of inventory purchased. The sale of this inventory, together with the markup, shows how much money was made and thus, the correct sales tax that should have been paid.

11.    In this case, it has come to our attention that Habash Trading Inc. has previously generated large income and savings that the debtor did not report and passed onto his wife. The debtor hindered the creditor by refusing to provide a list of all suppliers, their

3

address and telephone numbers.  The debtor failed to provide the following list of

suppliers to Habash Trading Inc.  All of the following suppliers, including all other

suppliers that the debtor failed to reveal, show that the amount of supplies or inventory

purchased, together with the markup, is greater than the amount the debtor reported:

Baroody Imports
1500 B. Main Avenue
Clifton, NJ 07011
Tel 973-340-4832
Fax 973-340-5193

Gino Inc.
20224 John R. Road
Detroit, MI. 48203
Tel 313-368-3840

H & A Whole sale
1330 Industrial
Dearborn, MI 48120
Tel 313-729-2121

Kradijan Importing Co.
5018 San Fernando Road
Glendale, CA. 91204
Tel. 818-502-1313
Fax 818-502-0546

Middle East Treasures Import
603 Washington Road, Building 9, Ste. B
South Amboy, NJ 08879
Tel 732-225-2444
Fax 732-225-0655

REEF Inc.
20237 John R Road
Detroit, MI. 48203
Tel. 313-893-3340

Trans Mideast
2123 El Bridge Rd. West
Brooklyn, NY
Tel. 718-492-8546

Fax 718-492-8500

TUT's International
4900 Stecker Avenue
Dearborn, MI. 48126
Tel 313-582-9100
Fax 313-582-9800

Delta Trading
Brooklyn, NY
Tel 718-439-8283

Dolan Date Co.
Arizona
Tel 928-344-2961

Golden West Almond
California
Tel 209-599-6193

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

12.    The following companies are major purchasers from Habash Trading Inc.:

Abu Ahamad
311 Main City Market
Kansas City MO. 64105
Tel. (816) 421-6727

Nassar A. Yousef
Baraka Bakery Inc.
149 Lyle Lane
Nashville, Tenn. 37210

**Debtor's father inheritance**

13.    The Debtor's father died last year in the country Jordan and left his inheritance to

his children.  Although the legal requirement in Jordan is that "two women inherit as

much as one man," unfortunately the actual custom and practice is that only the males

5

inherit the major portion of their parents' fortune, including all land, all buildings and bank accounts; this is well known and should not be disputed. The debtor claimed in his September 19, 2005 Depositions that he did not inherit anything from his father; there is absolutely no reason for the debtor not to receive any inheritance. Nonetheless, the debtor refused to reveal the following:

1. List all the bank accounts in debtor father's name at the time of death and within five years prior to his death;

2. List all real property that debtor's father owns or owned within the 5 years prior to his death;

3. A list of all other assets, including but not limited to, gold, cash on hand, furniture, businesses and any debts owed to his father;

4. The name of all individuals who took any of debtor's father assets through inheritance or within 5 years prior to death;

5. Whether the debtor took any of his father's assets, directly or indirectly from his father or from anyone who took from his father's assets after the death and within five years prior to the death.

14.    Debtor's failure to reveal the above information constitutes hindrance. Moreover, debtor's unreported bank account - from a confidential source at the Bank of Jordan, or the Jordanian Bank, - was received with information that debtor, Basem Habash, has an account at this Bank. Debtor failed to reveal whether he has or ever had a bank account at the Jordanian Bank, in Jordan, or any bank account in any other bank in the world.

15.    Debtor's claim that his house in Salt Jordan is $15,000 in value is false.  The plaintiff, Mr. Zedan, believes that the value is not only great, but that the debtor has combined his house with another owned by his father to make it difficult for an individual to purchase just the debtor's house.


**COUNT I**
**11 U.S.C. § 727(a)**

16.    Plaintiff repeats paragraphs 1 through 15.

17.    11 U.S.C. § 727(a) the court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor or the estate.

18.    Debtor did defraud and hinder the creditor plaintiff as set forth above.


**COUNT II**
**11 U.S.C. § 523(a)(4)**

19.    Plaintiff repeats paragraphs 1 through 18.

20.    11 U.S.C. § 523(a)(4) provides an exception to discharge where the debt is based on fraud or defalcation while acting in a fiduciary capacity.  **Exhibit A** is a judgment order for $119,328.00 based on breach of fiduciary duty by debtor.

21.    The attached judgment, **Exhibit A**, is not dischargeable pursuant to 11 U.S.C. § 523(a)(4).


**COUNT III**
**Fraudulent transfer, 740 ILCS 160/6(a)**

22.    Plaintiff repeats paragraphs 1 through 21.

7

23.    Debtor fraudulent transferred his property, income and profits from his business to his wife, defendant Susan Habash, to defraud and hinder his creditors as set forth above.

24.    Base on the above set forth facts, debtor fraudulent transferred his property to his wife, defendant Susan Habash, pursuant to 740 ILCS 160/6(a).


## COUNT IV
### Misappropriation of corporate assets

25.    Plaintiff repeats paragraphs 1 through 24.

26.    Base on the above set forth facts, debtor misappropriated corporate assets, property, income and profits from his business to defraud and hinder his creditors as set forth above.


27.    **WHEREFORE**, the Creditor-Plaintiff, Najib Zedan, respectfully request that this Court grant a judgment against the Debtor declaring the debts in this case as nondischargeable, together with such other and further relief that this Court deems just and proper.

Dated: Palos Heights, Illinois
         April 17, 2006

                                        Respectfully submitted,

                                        S/   Maurice J. Salem
                                        Attorney for Creditor/Plaintiff
                                        7156 W. 127th Street, B-149
                                        Palos Heights, IL. 60463
                                        Tel.(708) 277-4775
                                        Fax (708) 448-4515

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
| | ) | |
| Debtor, | ) | Hon. Bruce W. Black |
| | ) | |
| | ) | |
| NAJIB ZEDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming to be heard on the Motion to Dismiss Adversary Proceeding filed by

BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein,

due notice having been served and the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

1.  The above entitled adversary proceeding is dismissed with prejudice;

   ✗  All reasonable costs and attorneys' fees incurred by BASEM E. HABASH AND
      SUSAN HABASH in defending this adversary proceeding shall be paid by
      NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

   ✗  NAJIB ZEDAN is enjoined from initiating any further motions or actions against
      BASEM E. HABASH or SUSAN HABASH arising from the debt owed by
      BASEM E. HABASH to NAJIB ZEDAN prior to the filing of BASEM E.
      HABASH'S Chapter 7 bankruptcy proceeding.

Date: ___7/7/2006___          ENTER: _Bruce W. Black_

                              _____
                              United States Bankruptcy Judge



Exhibit
B

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. <u>04 B 32169</u> |
| | ) | Chapter: 7 |
| BASEM E. HABASH | ) | |
| | ) | Judge: Bruce W. Black |
| Debtor. | ) | Courtroom 219 |

------------------------------------------------)------------------------------------------------------------

| | | |
|---|---|---|
| NABIJ ZEDAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |

------------------------------------------------)

### NOTICE OF APPEAL
### TO THE DISTRICT COURT

PLEASE TAKE NOTICE, that Maurice Salem, attorney for the plaintiff-creditor

Nabij Zedan, appeals under 28 U.S.C. § 158(c)(1) to the district court from an order,

annexed hereto, of the Bankruptcy Judge Bruce W. Black, granting defendants' motion to

dismiss plaintiff's adversary complaint on the 7th day of July, 2006.

The names of all parties to the order appealed from and the names, addresses and

telephone numbers of their respective attorneys are as follows:

Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: Palos Heights, Illinois
      July 11, 2006

S/  Maurice J. Salem
Attorney for Creditor/Plaintiff
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel.(708) 277-4775
Fax (708) 448-4515


Exhibit
C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BASEM E. HABASH, | ) | No. 04 B 32169 |
| | ) | |
| Debtor, | ) | Hon. Bruce W. Black |
| | ) | |
| NAJIB ZEDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 06-01021 |
| | ) | |
| BASEM E. HABASH and | ) | |
| SUSAN HABASH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter coming to be heard on the Motion to Dismiss Adversary Proceeding filed by

BASEM E. HABASH, Debtor and Defendant herein, and SUSAN HABASH, Defendant herein,

due notice having been served and the Court being advised in the premises,

IT IS HEREBY ORDERED as follows:

1.    The above entitled adversary proceeding is dismissed with prejudice;

    All reasonable costs and attorneys' fees incurred by BASEM E. HABASH AND
SUSAN HABASH in defending this adversary proceeding shall be paid by
NAJIB ZEDAN, Plaintiff herein, and his attorney, MAURICE SALEM;

    NAJIB ZEDAN is enjoined from initiating any further motions or actions against
BASEM E. HABASH or SUSAN HABASH arising from the debt owed by
BASEM E. HABASH to NAJIB ZEDAN prior to the filing of BASEM E.
HABASH'S Chapter 7 bankruptcy proceeding.

Date: ___7/7/2006___

ENTER: _Bruce W. Black_

_____
United States Bankruptcy Judge

*JH*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re | ) **BANKRUPTCY APPEAL** |
| | ) |
| BASEM E. HABASH, | ) |
| | ) |
| Debtor. | )    No.  06 C 4047 |
| NAJIB ZEDAN, | ) |
| | ) Bankruptcy Case No. 04 B 32169 |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| BASEM E. HABASH and SUSAN | ) |
| HABASH, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Creditor-appellant Najib Zedan filed an adversary complaint ("the complaint") to revoke debtor-appellee Basem E. Habash's Chapter 7 discharge in the Bankruptcy Court for the Northern District of Illinois ("bankruptcy court"). The bankruptcy court dismissed the complaint with prejudice and Zedan appeals. For the reasons stated herein, I affirm the judgment of the bankruptcy court.

I.

Habash filed for Chapter 7 bankruptcy on August 30, 2004. Zedan initially filed a Motion to Dismiss the Chapter 7 proceeding, which he withdrew on November 5, 2004. Later that same month, on November 23, 2004, Zedan filed a Motion to Extend Time to File Objections to Discharge of Debtor and Certain Debts. The



Exhibit
D

bankruptcy court granted the motion and extended the time to file objections until February 4, 2005.

The first meeting of creditors took place on December 2, 2004. Habash and his attorney as well as counsel for Zedan were present. Subsequent to the meeting of creditors, the Trustee filed a Motion to Extend the Date by Which Objection to Discharge Must be Filed. The bankruptcy court granted the Trustee's motion and extended the date to June 30, 2005. The Trustee filed a second motion to extend that date on June 14, 2005, which the court granted, thereby setting the new date by which to file objections as September 29, 2005. Prior to that date, Habash produced documents in response to the Trustee's requests, and was subject to a Rule 2005 examination. Neither Zedan or his attorney attended the Rule 2005 examination. Eventually, the Trustee and Habash reached an agreement whereby Habash would purchase the non-exempt assets in his bankruptcy estate for the price of $ 35,000.00 subject to the approval of the bankruptcy court and competing bids. On December 16, 2005, the bankruptcy court entered an order approving the submitted procedure for said sale of assets, scheduling the auction for sale for February 15, 2006 and a hearing to approve the sale for February 17, 2006.

At some point, Zedan hired a new attorney. On January 27, 2006, Maurice J. Salem filed an appearance in the Chapter 7 proceeding on behalf of Zedan, along with a Motion to Postpone the

2

Scheduled February 15, 2006 auction.  The motion asserted that "[u]pon reviewing the file in this case and the September 19, 2005 Deposition of the Debtor . . . taken together with independently obtained information, there is overwhelming evidence that the Debtor made fraudulent representations."  (Mot. at ¶ 2.)    The bankruptcy court denied the motion.

After the asset sale, the bankruptcy court entered an Order Approving Sale of Assets to Habash, as the only bidder in attendance.  On April 17, 2006, Zedan filed the complaint, which alleged fraud in Habash's disclosures of his income, property value and corporate inventory.  This was dismissed with prejudice by the bankruptcy court, which stated "[t]he time limits expired in February of '05 and there's no reason that they should be extended, changing attorneys doesn't mean you get to start over again.  So the motion to dismiss is granted."  (Tr. at 9.)

                                      II.

Dismissal of an adversary complaint in bankruptcy is reviewed *de novo*.  *In re Consol. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004). I must accept all well-pleaded allegations as true and affirm "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1008 (7th Cir. 2002).  A plaintiff must allege all the elements for each cause of action to withstand a motion to dismiss.  *Lucien v. Preiner*, 967 F.2d 1166,

                                       3

1168 (7th Cir. 1992).

Zedan argues the complaint was based on newly discovered fraud under 11 U.S.C. § 727(d)(1).  Section 727(d)(1) states that:

> (d) On request of . . . a creditor . . . , and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .

A party seeking revocation under § 727(d)(1) must be made within one year after the discharge is originally granted.  11 U.S.C. § 727(e)(1).  In turn, FED. R. BANKR. P. R. 4004 sets a period for objecting to discharge which ends prior to the grant of such discharge.  Where a creditor claims to have learned of the fraud after the time period to object to discharge but prior to the discharge itself, courts nevertheless generally permit the party to proceed under § 727(d)(1).  *See, e.g., Citibank N.A. v. Emory (In re Emery)*, 132 F.3d 892, 895-96 (2d Cir. 1998) ("Nothing in the Bankruptcy Code itself indicates an intention to create immunity during the gap period."); *First Interstate Bank of Sioux City v. Ratka (In re Ratka)*, 133 B.R. 480, 483 (Bankr. N.D. Iowa 1991); *In re White*, 133 B.R. 206, 208-09 (Bankr. S.D. Ind. 1990); *see also* 3 Norton Bankr. L. & Prac. 2d § 74:20 (2006 ed.); 9D Am. Jur. 2d Bankruptcy § 3558 (2006).  In those circumstances, the discharge date will be imputed to have occurred on the same day as the expiration of the period for objecting to discharge.  *See, e.g., In re Emory*, 132 F.3d at 895-96.

4

According to Zedan, the bankruptcy court erred in dismissing the complaint as untimely, stating the "time limits expired in February of '05." This was the date set after Zedan initially asked the bankruptcy court to extend the date to file objections. The other order extending the date to file objections applied only to the Trustee. Zedan correctly points out that the February 2005 cut-off date is not correct as a matter of law, as a party can seek revocation under § 727(d)(1) within one year after either the actual discharge date, § 727(e), or the cut-off date to file objections. *In re Emory*, 132 F.3d at 895-96. Nevertheless, the bankruptcy court's decision to grant the motion to dismiss is affirmed on different grounds. For one, the complaint was not filed until April 2006, more than one year after the deadline to file objections had passed and, therefore, was still untimely. Moreover, the complaint fails to state a claim under § 727(d)(1).[1]

In construing the requirements of § 727(d)(1), the statute must be read liberally in favor of the debtor. *State of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 603 (Bankr. N.D. Ill. 1996) (citations omitted) ("Revocation of a discharge is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a 'fresh start.'")); *West Suburban Bank of*

---

[1] Appellee cited the § 727(d)(1) elements in the motion to dismiss and reply memorandum and at the hearing before the bankruptcy court. The bankruptcy court did not reach this issue as it dismissed the complaint as untimely.

*Darien v. Arianoutsos (In re Arianoutsos)*, 116 B.R. 116, 118 (Bankr. N.D. Ill. 1990) (citing *Canfield v. Lyons (In re Lyons)*, 23 B.R. 123, 125 (Bankr. E.D. Va. 1982)). In order to obtain relief under § 727(d)(1), the creditor must allege (1) fraud in fact and (2) that the creditor was not aware of the fraud prior to discharge or the period after the date to file objections but prior to discharge. *In re Kaliana*, 202 B.R. at 604; *In re Arianoutsos*, 116 B.R. at 118. In addition, the complaint must comply with Federal Rule of Bankruptcy Procedure 7009, which is identical to Federal Rule Civil Procedure 9(b), and requires fraud be pled with particularity. This requires the plaintiff allege "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quotations omitted).

With regards to the second statutory element, courts have held that in the absence of diligence by the creditor, revocation of the debtor's discharge is improper. *See, e.g., In re Kaliana*, 202 B.R. at 605-06 (creditor's investigation "was neither diligent nor timely"); *In re Arianoutsos*, 116 B.R. at 118 (creditor was in possession of enough information to put them on notice that schedules might be false); *In re Stein*, 102 B.R. 363, 368 (Bankr. S.D.N.Y. 1989) (creditor seeking to revoke the discharge of the

6

debtor did not exercise diligence in discovering the facts concerning the debtor's interest in his wife's home and bank account which were not listed on the bankruptcy schedules); *First Nat'l Bank v. Jones (In re Jones)*, 71 B.R. 682, 865 (S.D. Ill. 1987) (citation omitted) ("A party may be guilty of laches by failing to show proper diligence in attempting to discover the necessary facts before discharge."). "If the creditor could have known of the alleged fraud, it has an affirmative duty to so investigate before the discharge is granted or the court will dismiss the requested revocation." *In re Kaliana*, 202 B.R. at 604 (citing *Wood v. Cochard (In re Cochard)*, 177 B.R. 639, 643 (Bankr. E.D. Mo. 1995) and *In re Arianoutsos*, 116 B.R. at 119).

In this case, the complaint alleges there was fraud in the procurement of the discharge and, tellingly, completely fails to allege that Zedan was unaware of the fraud prior to 2006, when Zedan hired a new attorney and first made such allegations. In the motion to postpone the auction, as well in opposing the motion to dismiss the complaint, Zedan argues he learned of the fraud after the close of the Trustee's period to file objections to discharge in September 2005, but prior to the discharge itself. However, the complaint as well as the motion to postpone the auction and the opposition to the motion to dismiss make clear that Zedan primarily relies on the record obtained in the bankruptcy proceeding itself to allege fraud. The complaint specifically cites Habash's

7

deposition testimony and exhibits and schedules to the debtor's bankruptcy petition. In fact, Zedan's initial attorney was present at the first creditor's meeting and on notice of the deposition and proceedings before the bankruptcy court. The fact that Zedan failed to investigate prior to the expiration of its period to file objections, or at least request another extension in order to investigate, cannot be squared with the requirements of § 727(d)(1).

Zedan cites the existence of new evidence to explain the timing of his filing and to argue he did not have earlier notice of the fraud. The first piece of "new evidence" identified by Zedan consist of an Arabic newspaper clipping dated May 2006, which translated states "[t]hank the businessman Mr. Basem Habash for his generous contribution of the supplying substances . . . giving[sic] more than 200 families. We thank him again for his continuous support." This vague statement does not constitute evidence of fraud. At a minimum, the nature of the contribution is unclear as well as its source (i.e. the donor could have been Habash's business as opposed to him personally). Second, Zedan claims that he was unaware of the number of employees working at the debtor's company, salary discrepancies among the employees and debtor's spouse, inventory amounts, and information about the debtor's spouse's financial affairs until his new attorney inquired about this to the Trustee's attorney in 2006. The problem with this

claim is that it is clear that Zedan could have obtained this information earlier upon request, but he failed to do so until he hired a new attorney.

Zedan was on notice of the bankruptcy proceedings, in possession of relevant information provided in Habash's bankruptcy petition, schedules and statement of affairs, and perfectly capable of inquiring further into the debtor's financial affairs or seeking another extension to file his objections prior to either February 2005 (the bankruptcy court's cut-off date) or 2006 when he first made his allegations of fraud. The fact that Zedan's prior counsel was not diligent in investigating debtor's financial affairs does not excuse Zedan under § 727(d)(1). The complaint fails to plead the elements required under § 727(d)(1) and dismissal is proper.[2]

### III.

For these reasons, the bankruptcy court's dismissal of the complaint is affirmed.

ENTER ORDER:

_Elaine E. Bucklo_

Elaine E. Bucklo
United States District Judge

Dated: January 9, 2007

---

[2]Appellee also argues that the complaint fails to plead fraud with particularity as required by FED. R. BANKR. P. R. 7009. Because I find Zedan has not plead diligence in accordance with § 727(d)(1), I need not address this argument.

9

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court

## Northern District of Illinois

### Eastern Division

*JH*

Zedan

          v.

Habash, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 06 C 4047

☐    Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been tried and the jury rendered its verdict.

■    Decision by Court.  This action came to hearing before the Court.  The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the judgment of the bankruptcy court is affirmed.



Michael W. Dobbins, Clerk of Court

Date: 1/9/2007

_____

/s/ Mathew P. John, Deputy Clerk

F I L E D

FEB 0 8 2007 *ro*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Case No. 04 B 32169** |
| | ) | Chapter: 7 |
| BASEM E. HABASH | ) | |
| | ) | **Bankruptcy Court Judge:** |
| Debtor. | ) | Bruce W. Black |
| -------------------------- | )-------------- | ------------------------------- |
| NAJIB ZEDAN, | ) | |
| Plaintiff, | ) | **Adv. No. 06-01021** |
| v. | ) | |
| | ) | **District Court** |
| BASEM E. HABASH and | ) | **Case No. 06 cv 04047** |
| SUSAN HABASH, | ) | |
| Defendants. | ) | |
| -------------------------- | ) | |

PAID
RECEIPT # 106 46342
FEB 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1291, **NAJIB ZEDAN**,

Plaintiff and Creditor in the above captioned matter hereby appeals to the United States

Court of Appeals for the Seventh Circuit from a final decision of the **District Court**

**Judge Elaine E. Bucklo**, dated January 9, 2007, which affirmed the Bankruptcy Court

final judgment that dismissed this case.

Jeffrey B. Rose, Esq., Attorney for Debtor
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Dated: Palos Heights, Illinois
         February 8, 2007

*[signature]*

Maurice J. Salem, Esq.
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
Fax (708) 448-4515

EXHIBIT
F

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

November 8, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-1286

IN RE:
BASEM E. HABASH,

*Debtor.*

Appeal From The United States
District Court For the Northern
District of Illinois, Eastern Division.

No. 06 C 4047

APPEAL OF:
NAJIB ZEDAN.

Elaine E. Bucklo,
*Judge.*

# O R D E R

No later than November 19, 2007, counsel for the parties shall file supplemental memoranda addressing whether rejecting a single potential objection to discharge is a final order immediately reviewable by the Court of Appeals even though the bankruptcy judge has yet to decide whether the debtor will be discharged. The memoranda also should inform the court about the current status of the bankruptcy.



EXHIBIT
G

Jeffrey B. Rose, Esq.
TISHLER & WALD
Suite 2600
200 S. Wacker Drive
Chicago, IL  60606
 7-1286


        Enclosed is a copy of a document issued by this court
        in the above captioned case.  Since this will be the
        only copy your firm will receive, if applicable, please
        circulate this order to other members of your firm who
        may have an interest in this case.




        ------------------------------
                    (fold)