UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **BASEM E. HABASH** | ) | |
| | ) | |
| Debtor**.** | ) | |
| **NAJIB ZEDAN,** | ) | |
| Plaintiff-Appellant, | ) | **No. 08 cv 00120** |
| | ) | |
| v. | ) | **Hon. William J. Hibbler** |
| | ) | (On appeal from the U.S. |
| **BASEM E. HABASH and** | ) | Bankruptcy Court for the |
| **SUSAN HABASH,** | ) | Northern District of Illinois |
| Defendants-Appellees. | ) | 04-32169, Adv. No. 06-01021) |

**CROSS-MOTION**
**TO SUSPEND ACTION PENDING DISPOSITION IN OTHER COURTS**

The Plaintiff-Appellant, Najib Zedan, by his attorney, Maurice J. Salem, cross-moves to suspend this action pending disposition of this case in other courts and states as follows:

1. On April 17, 2008, this Court heard arguments' regarding Defendant-Appellee's pending motion to dismiss. June 19, 2008, was set as a status date.

2. Counsel for Appellee argued that this Court does not have jurisdiction. There are two possible reasons for this Court not having jurisdiction. First, this case is pending on Appeal in the Seventh Circuit, and second, Appellant should have filed a motion to vacate the discharge order in the bankruptcy court before filing in this Court.

3. At the start of this case, while it was pending in the bankruptcy court, Appellant filed an adversary complaint, which was dismissed. An appeal to the District Court

affirmed the dismissal and currently an appeal in the Seventh Circuit is pending, <u>Appeal Docket No.: 07-1286.</u>

4. During oral arguments in the Seventh Circuit, the court questioned whether it had jurisdiction because a discharge order was not entered. It requested supplemental briefs from both counsels by November 19, 2007. The appeal in the Seventh Circuit was fully argued and fully submitted on November 19, 2007. As of today, no decision has been rendered.

5. On November 21, 2007, the bankruptcy court entered a discharge order. If the Seventh Circuit renders a decision that determines it has jurisdiction, then this Court will *not* have jurisdiction and Appellant will withdraw this action. However, if the Seventh Circuit rules that it does *not* have jurisdiction, then this Court may have jurisdiction.

6. Appellee's counsel also argued that even if the Seventh Circuit rules that it does *not* have jurisdiction, Appellant would have to first file a motion to vacate the discharge order in the bankruptcy court.

7. A discharge order was not entered until after the Seventh Circuit appeal was fully submitted, November 21, 2007. A motion to vacate the discharge order in the bankruptcy court will be exactly the same as Appellant's response to Appellee's motion to dismiss the adversary complaint. The bankruptcy judge has already made a final ruling on the adversary complaint; there is nothing additional to add and it was a final decision on the adversary complaint.

8. Whether Appellant would need to go back to the bankruptcy court or to this Court, if the Seventh Circuit finds that it does not have jurisdiction, may be clarified by the Seventh Circuit when it renders a decision.

9. Nonetheless, for the time being, Appellant proposes to suspend the appeal in this Court. If a decision from the Seventh Circuit is not rendered by November 1, 2008, Appellant intends to file a motion to vacate the November 21, 2007, discharge order in the bankruptcy court, which will probably be denied because it already has been denied. If said motion is denied, Appellant will remove the suspension, assuming it is grants, and return to this Court with the same exact appeal that is before it now.

10. Under the circumstance of this case, this will be the most economical way to proceed for this Court and all parties involved.

**WHEREFORE**, the Appellant respectfully requests that this Court grant an order suspending this action pending disposition in other courts, together with such other and further relief that this Court deems just and proper.

Dated: Palos Heights, Illinois
June 13, 2008

Respectfully submitted,

_____
Maurice J. Salem
Attorney for Appellant
7156 W. 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
Fax (708) 448-4515

## CERTIFICATE OF SERVICE

I, Maurice J. Salem, attorney for the Appellant, hereby certify that on June 13, 2008, I served the foregoing CROSS-MOTION by electronic means on Appellee's attorney shown below.

_____
S/Maurice J. Salem, Esq.

TO:
Jeffrey B. Rose, Esq.
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606